DIERKS LUMBER & COAL COMPANY *v.* TOLLERSON.

4-2712

Opinion delivered October 31, 1932.

*Abe Collins* and *Lake, Lake & Carlton,* for appellant.
*Feazel & Steel* and *Tom W. Campbell,* for appellee.

BUTLER, J. The record and briefs in this case are voluminous, but the essential facts may be briefly stated as follows:

The appellee, W. A. Tollerson, had been in the employ of the appellant and an associated company for several years. He was engaged in laying tracks on log roads and spurs thereof and taking up the same when they had served their purpose and locating them in other places. He had been promoted from time to time until, at

the time of his injury which was the occasion of this suit, he was foreman of the steel gang and acting as conductor on the work train which transported his crew and material. On May 3, 1929, he was in charge of a work train consisting of a locomotive, a caboose attached thereto, and four flat cars attached to the caboose. It was the appellee's intention to proceed from the main log road on to a spur for the purpose of taking up this spur and removing the same. When his train reached the spur, it was backed on to it, the four flat cars being first, the caboose next, and the locomotive last. In this order the train was backed along the spur track. The locomotive was in charge of an engineer and a fireman. The steel gang was in the caboose, or immediately outside of it on its vestibule or approach, except one of them named Davis, who was stationed on the last flat car from the engine and the appellee who was on the third flat car from the caboose and next to the end flat car on which Davis was riding. While they were occupying these positions, the train continued backing along the spur track until it had gone some distance from the main line when Davis discovered a fallen tree lying on the track. He signaled to the appellee to attract his attention. The appellee also saw the tree and in turn attempted to signal the engineer and fireman to warn them of the obstruction ahead in order that the train might be stopped. The expected response to these signals was not made, and the train continued to be backed at the same rate of speed at which it had been moving until the last flat car came in contact with the tree and was derailed. Just before this occurred, Davis and the appellee sprang from the cars on which they were riding to the ground. The appellee's foot was badly injured, and it was for this injury that he brought suit, recovering the judgment that is here on appeal.

It is the theory of the appellee that he was occupying a proper place on the train, and that it was the duty of the engineer and fireman to keep a lookout in the direction in which the train was moving for such signals

as might be given; that they failed in this duty, and because of such failure the signals given were not seen or obeyed, and that this was negligence on their part and the proximate cause of the injury suffered.

The appellant, on the contrary, insists that the appellee wrongfully took the position he was occupying at the time of his injury, and that his signals given from this place could not be seen by the engineer and fireman, because the caboose between the locomotive and flat cars, being wider than the cab in which they were riding, obstructed their view; that the place provided for the appellee and where it was his duty to be was in a cupola on the caboose. This cupola was provided with windows and an automatic air brake to enable one occupying the cupola in case of emergency to slow down and stop the train himself. Appellant maintained that, if the appellee had been occupying this position, as they claimed it was his duty to do, his signals might have been observed by the operatives on the locomotives, and, if they had not been seen, the appellee himself could have prevented the accident by an application of the automatic air brake; that because he was occupying the position on the flat car was the proximate and sole cause of his injury.

The evidence was in sharp conflict; that on behalf of the appellant tending to sustain its contention, and that on behalf of the appellee tending to show, as claimed by him, that he was occupying a proper place on the train in accordance with instructions of his superiors, and that the engineer and fireman could have seen his signals in time to stop the train, had they been keeping a proper lookout. The jury are the sole judges of the credibility of the witnesses and the weight to be given their testimony, and, the testimony adduced by the appellee being accepted as true, we are bound by the verdict of the jury, since on appeal the evidence tending to sustain the contention of the appellee must be viewed by us in its most favorable light. These rules are so well settled that we deem the citation of authorities unnecessary. There was sufficient evidence to sustain the ver-

dict, and the judgment of the court in accordance therewith must therefore be affirmed, unless some substantial error appears in the conduct of the trial. Because of the fact that it is difficult in the confusion and hurry of trial to prevent errors from occurring, it is a rule of universal application that errors complained of must be substantial and prejudicial to the rights of the party complaining; else they will be disregarded.

In this case numerous assignments of error are made because of the admission of incompetent testimony, all of which we do not set out and review in detail as to do so would unduly lengthen this opinion. We have examined the evidence said to be incompetent and have concluded that, if this is indeed true, no prejudice resulted thereby. The most serious contention made is relative to the action of the court in permitting the appellee to introduce a book of rules and to read to the jury rule No. 102 as follows: "When cars are pushed by an engine (except when shifting or making up trains in yards), a flagman must take a conspicuous position on the front of the leading car and signal the engine man in case of need"; also, in permitting the appellee to testify that such a book containing that rule was given him for his guidance by the railroad master of the Choctaw Lumber Company during the time he worked for that company from 1920 to 1923 as steel gang foreman. It is clear that, if this testimony had stood alone, it would have been incompetent. Before its introduction, however, J. M. Campbell was called to testify on behalf of the appellee and stated that he was the superintendent of the logging department for the appellant company and the Choctaw Lumber Company, and that he had held this position for both these companies for about twenty years; that the appellee worked in his department for the Choctaw Lumber Company during 1922 and 1923, and that the rules of the two companies governing the operation of the steel gang on the spur tracks were practically the same. Witnesses for the appellant testified that this book of rules and the specific rule read to the jury governed the

operation of trains on the tracks of two railroad companies which were separate and distinct corporations from the appellant, and that these rules had no application to the operation of log trains on the spur tracks of the appellant, and that no such book of rules was ever given to the appellee for his guidance. This testimony did not render the admission of the book of rules incompetent, but simply raised a question of fact as to whether or not such a book had been given the appellee for his guidance, and that such rule applied to the conduct of employees of appellant.

It will be noticed that the rule read to the jury prescribes the position to be taken by one who should signal the engine man, and that this position is on the front of the leading car. Before the introduction of these rules, the appellee had testified without objection that he had been directed by his foreman to ''ride out on one of these cars when the work train was backing out on the spur and there to watch for obstructions and see that the track was clear;'' and, further, that at the time of, and just preceding, the accident appellee was keeping the position on the flat car as it was his custom to do and in accordance with orders he had received.

It appears that the facts sought to be established by the introduction of the book of rules had already been put in evidence by the testimony of the appellee without objection, and, if the introduction of the rule was erroneous, it was not prejudicial, because other evidence admitted tended to prove the same fact sought to be established by the introduction of the rule. *Maxey* v. *State,* 76 Ark. 276, 88 S. W. 1009; *Thurston* v. *Payne,* 148 Ark. 456, 230 S. W. 561; *Chancellor* v. *Stephens,* 136 Ark. 175, 206 S. W. 145; *Ark. P. & L. Co.* v. *Orr,* 175 Ark. 246, 298 S. W. 1029.

It is urged that the testimony of Campbell above referred to was incompetent because it related to rules in effect ten years before the time at which he testified. When his testimony however is considered in its entirety, it is manifest that he was testifying about rules in effect

ten years before, and also that the same rules were in effect at the time of the accident in question. Therefore his testimony was not incompetent, although it may have been irrelevant, since the rules under which the appellee was working, according to his testimony, were the directions given him by his foreman.

The appellee was permitted to testify over the objection of the appellant that he had been fired by Hulse, appellant's claim agent, because he would not agree to a settlement of his damages. The reason assigned for the incompetency of this testimony was that it tended to arouse the prejudice of the jury and could have no bearing on the real question in issue. We agree with learned counsel that this evidence was incompetent, but it appears, when the amount of the verdict is considered in connection with the testimony relative to the injury of the appellee, that such verdict was amply justified, as the evidence might have warranted the assessment of a larger sum. The verdict does not appear to have been the result of passion or prejudice and the testimony complained of, while incompetent, was not prejudicial. *St. L. I. M. & S. R. Co.* v. *Brown*, 100 Ark. 107, 140 S. W. 279.

Objections were made and exceptions saved to the admission of other testimony which we have examined and find without merit.

The court gave a number of instructions at the request of the appellant, and the appellee and refused to give certain instructions requested by the appellant. Exceptions were saved to the giving of each of the instructions requested and given on behalf of the appellee and to the action of the court in refusing to give certain other instructions requested by the appellant.

Instruction No. 1, given at the request of the appellee, was long and involved, and submitted to the jury many questions about which there was no dispute, but we are of the opinion that the instruction on the whole was a correct declaration of law, and the error consisted in submitting to the jury questions which in fact were undis-

puted, and the instruction therefore was more favorable to the appellant than to the appellee. Specific objection was made to this instruction that it ignored the question of the duty of appellee to exercise due care for his own safety. This might be a valid objection were this suit not one against a corporation. Contributory negligence is no longer a defense in an action against a corporation (§ 7145, Crawford & Moses' Digest), and the jury might well find for the appellee, although it might appear that he was guilty of negligence contributing to his injury. Instruction No. 1 simply presented the theory of the appellee under the allegations of his complaint, and the theory of the appellant was also given in instructions requested by it.

There was no error committed by the court in overruling and refusing to grant other instructions requested. as they were fully covered by instructions given.

The instruction on the measure of damages of which appellant complains is one that has been frequently approved by this court, and we find it unnecessary to set it out. After a careful examination of all the instructions given and refused, we are of the opinion that the court gave the law to the jury in instructions as favorable to the appellant as it was entitled to.

Finding no substantial error in the rulings of the trial court, and, the verdict of the jury being supported by substantial testimony, both as to liability and the amount of damage, the judgment below should be and is affirmed.