W. P. BROWN & SONS LUMBER COMPANY *v.* OATIES.

4-3473

Opinion delivered May 28, 1934.

*W. W. Sharp,* for appellant.
*H. P. Smith,* for appellee.

McHANEY, J. Appellant owns and operates a narrow-gauge railroad in connection with its sawmill, over which it hauls logs to its mill. Appellee was employed by appellant as tong-hooker in loading logs onto its cars in the woods. On August 24, 1933, after having worked all day in the woods, appellee and the other employees were transported back to the mill on the log train. All the employees, except the engineer, fireman and appellee, left the train before reaching the mill, but these latter continued for the performance of other duties, one of which was to place the other engine at the water tank, spot it to go out next morning. The log cars were coupled to the engine and to each other by the link and pin system. After cutting the engine loose from the cars, appellee, as he says, under direction of the engineer, attempted to couple the live engine to the dead one for the purpose of spotting it as aforesaid. The engineer obeyed his lantern signal (darkness having overtaken them) to back up, but negligently failed to obey his stop signal when he attempted to make the coupling, and his hand was caught between the draw-bars of the two engines and severely injured. Trial resulted in a verdict and judgment in his favor for $500.

For a reversal of the judgment, appellant insists that there was no negligence on its part established; that

appellee himself was negligent; and that he was a mere volunteer at the time he was hurt. In other words, that the evidence is insufficient to support the verdict. We cannot agree, but are of the opinion that the evidence was sufficient to take the case to the jury, considering it in the light most favorable to appellee, as we must do. He had been working for appellant since 1925 as a tong-hooker, except the time the mill had not been in operation because of depressed business conditions. Operations had only recently been renewed. During all his work he had frequently made couplings of cars in the woods to the knowledge of all the officials and other employees. He was a kind of handy man, doing whatever he was told to do. He says he was instructed by the engineer to make the coupling at the time he was injured. He attempted to obey this order, and the engineer knew he was doing so, as he responded to his signal to back up slowly. Appellee stepped between the engines to make the coupling and gave the stop signal. The engineer obeyed the first and failed to obey the second. The drawbars came together with such force as to knock the dead engine about one foot, and appellee's hand was injured. Under these facts we think it a question for the jury as to whether this was negligence and was the proximate cause of the injury.

Contributory negligence would not bar a recovery, even though it be conceded he was contributorily negligent. Sections 7144, 7145, Crawford & Moses' Digest. In this respect appellee's instruction No. 1, given by the court, was more favorable to appellant than the law justified.

·Whether appellee was a mere volunteer and acting without the scope of his employment was a question of fact, and was submitted to the jury under instructions requested by appellant. We cannot say as a matter of law that he was a mere volunteer.

No error prejudicial to appellant appearing, the judgment must be affirmed.