MISSOURI PACIFIC TRANSPORTATION COMPANY *v.* BAXTER.

4-3606

Opinion delivered November 26, 1934.

*Thos. B. Pryor* and *W. L. Curtis*, for appellant.
*Partain & Agee*, for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $2,000 obtained by appellee against appellant in the circuit court of Crawford County for an injury to his wrist caused by the alleged negligence of fellow servants while engaged in loading the front truck of a bus, consisting of an axle and spindles, onto a wrecker.

Appellant filed an answer to the complaint denying the allegations of negligence and interposing the affirmative defenses of contributory negligence and that appellee was a volunteer and not an employee of appellant at the time he received his alleged injury.

Appellant contends for a reversal of the judgment on account of a lack of sufficient evidence to support the verdict. The evidence, when viewed in its most favorable light to appellee, is, in substance, as follows:

Appellant, a corporation, was engaged in transporting passengers in buses from Little Rock to Fort Smith. On the ............ day of March, 1933, about two o'clock p. m., one of its passenger buses was wrecked in the east part of Van Buren in Crawford County on Highway 64. The passengers were transported in a car belonging to appellee to Fort Smith, and he was employed to remain

with the wrecked bus over-night, and was engaged the following morning to assist other employees of appellant in loading the bus onto a wrecker, which came from Little Rock. The wrecker was in charge of a foreman, who directed the employees engaged in the work how to lift and load the injured bus onto the wrecker. The lifting was done by means of two hand booms fastened to the wrecker, which could be lifted up and down and to which cables were attached long enough to take hold of the object to be lifted and drawn onto the wrecker. The body of the injured bus had been placed on the wrecker, leaving enough room thereon for the front truck of the bus. Appellee was directed to stand near the wrecker with a pick bar in his hands to guide the front truck of the bus into the space left for it after being lifted up to a sufficient height to swing into the vacant place. Fellow servants were directed to take hold of the truck, which weighed about 400 pounds or more, for the purpose of letting it swing slowly into place, but some or all of them let loose their hold on same without notice to appellee and allowed it to swing in so rapidly and with such force that, in his effort to guide it into place, appellee's hand was caught between the truck and wrecker, and his wrist was fractured before he could get his hand out of the way.

The testimony was in conflict as to whether the fellow servants of appellee or some of them released their hold on the truck without notice to him so as to let it swing toward the wrecker with such force as to catch his hand between them and fracture his wrist, and also in conflict as to whether appellee was an employee or volunteer; but, notwithstanding the conflict, there is ample evidence in the record to support the finding of the jury that appellee was an employee of appellant when injured, and that his injury resulted from the negligence of his fellow servants.

Appellant also contends for a reversal of the judgment on the ground that appellee was guilty of contributory negligence resulting in his injury, and on that account could not recover any amount from appellant, even though appellant was guilty of negligence. It requested

instructions to that effect, which the court refused to give. We find no evidence in the record tending to show contributory negligence on the part of appellee, but, even if there is, such negligence would not be a complete defense to the alleged cause of action against a corporation not engaged in interstate commerce at the time of the injury. It is provided by §§ 7144 and 7145 of Crawford & Moses' Digest that in actions for personal injuries by employees against such corporations, contributory negligence shall not bar a recovery but will have the effect of diminishing the damages in proportion to the amount of negligence of the respective parties. Under the provisions of these statutes, this contention of appellant cannot be sustained, and the requested instructions were properly refused.

Appellant also contends for a reversal of the judgment on the ground that under the law it cannot be held liable in damages to any one injured by a fellow-servant. In support of this contention, it cites the case of *Walsh* v. *Eubanks,* 183 Ark. 34, 34 S. W. (2d) 762. In that case the fellow-servant doctrine applied because a recovery was sought against a partnership. In the instant case it does not apply because appellant is a corporation. It is provided by § 7137 of *Crawford & Moses' Digest* that corporations of every kind and character shall be liable to respond in damages for injuries or death sustained by an employee resulting from the omission of duty or negligence of any other servant or employee of the employer. Instructions requested by appellant and refused by the court in support of its theory in this respect were properly refused.

It is also suggested by appellant that the judgment should be reversed because the appellee assumed the hazards incident to his employment. Appellee could not have known in advance that his fellow servants would release their hold on the truck and allow it to come down on him, so he did not assume the risk of their negligence in this respect as one of the hazards incident to his employment.

The court refused to give certain instructions requested by appellant relative to whether appellee was

an employee or a volunteer, and whether he assumed the risk. These instructions were properly refused as the court had covered the issues in other instructions. The court was not required to duplicate instructions.

Appellant also contends that the verdict was excessive and urges the excessiveness thereof as a reason for reversing the judgment. As a result of the injury, appellee's arm was placed in a plaster cast for 31 days, but the ends of the bones never healed, and he has never been able to use his hand. If he takes hold of anything, it drops. He is a mechanic, and his work requires the use of both hands, so he is compelled to hire a mechanic to do the work he formerly did in conducting his business at an expense of from $1.50 to $7 a day. He suffered intense pain, so that he was unable to sleep for three or four weeks immediately after the injury and during the time his hand and arm were in the cast. His doctor's bill was $75. We do not think $2,000 an excessive judgment, considering the nature and extent of the injury, and the pain and suffering he endured.

No error appearing, the judgment is affirmed.