HARTMAN-CLARK BROTHERS COMPANY *v.* MELTON.

4-3871

Opinion delivered May 20, 1935.

*Roy D. Campbell,* for appellant.

*W. J. Dungan* and *Ross Mathis,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against Hartman-Clark Brothers Company, a corporation, appellant, to recover damages in the sum of $3,000 for an injury to his left foot caused through the alleged .

negligence of his fellow-servants in rolling or shoving a wheel of a road subgrader over his foot, without warning or notice, while engaged in turning the grader around.

Appellant filed an answer denying the material allegations of the complaint.

The cause was submitted to the jury upon the pleadings, evidence, and instructions of the court, which resulted in a verdict and judgment for $2,000, from which is this appeal.

Appellant's first contention for a reversal of the judgment is that the evidence was insufficient to support a finding of liability. A crew of employees were engaged, under the immediate instruction of appellant's foreman, in operating a subgrader on highway 64 near Augusta in Woodruff County, in preparation for laying a concrete surface on said road. The subgrader weighed over one thousand pounds and had two large iron wheels about four feet in diameter. In doing the work, the subgrader had to be turned around by hand and operated in the opposite direction so as to go over the ground several times before putting it in shape to receive the concrete. The manner of doing this was for two or three men to hold one wheel steady, and to make out of it a pivot, and for some of the men to push the other wheel around until the machine or subgrader faced about. Appellee and perhaps others were at the wheel which was to serve as a pivot. At the particular time the injury occurred, the foreman shouted to appellee to hold the pivot wheel, and to the others to stop pushing the wheel around. Appellee took hold of the pivot wheel, and, while he was attempting to hold same in place, the others shoved or pushed instead of holding it, causing it to roll over appellee's foot and badly injure it. There is some conflict as to what particular men had hold of the wheel being used as a pivot wheel, and what men were at the turning wheel, but it seems quite certain that all the others continued to push the machine around contrary to the foreman's orders while appellee, in obedience to the foreman's order, was attempting to hold the pivot wheel in place. It appears that, if the others had stopped pushing when told to or if part of them had assisted appellee in holding the pivot

wheel in place, it would not have rolled over his foot. At least, the jury could have found from the evidence in the case, as they did, that the injury was caused by the failure of some of appellee's fellow-servants to stop pushing the machine around when told to stop by the foreman. For example, the following statements appear in the testimony of Claud Picket, one of appellee's fellow-servants: "Yes, sir, if we had all held it when Mr. Kelley said for us to hold it, it wouldn't have run over his foot. * * * Q. If I understood you a minute ago, you said you pushed the wheel over his foot after the foreman told you to stop? A. Yes, sir. Q. You told the jury a minute ago that you pushed it when the foreman told you to stop. A. I did. * * * Yes, sir, if we had all held it when Mr. Kelley told us to hold it, it wouldn't have run over his foot. Q. You were not doing what the foreman told you to do? A. No, sir." There is enough evidence of this kind in the record to support the finding and verdict of the jury that the injury resulted from the negligence of appellee's fellow-servants in continuing to push or shove the wheel when told to stop. There is sufficient substantial evidence in the record therefore to support the verdict of the jury.

Appellant next contends for a reversal of the judgment because the court refused to give its requested instruction No. 3, which is as follows: "If you find from the evidence in this case that the plaintiff inadvertently or carelessly placed his foot in front of a wheel on the grader which they were turning around, or otherwise contributed to the injury which he received, then he cannot recover in this action." This instruction, if given, would have in effect, told the jury that if appellee contributed in any way to his own injury, he could not recover. Sections 7144 and 7145 of Crawford & Moses' Digest abolished contributory negligence on the part of an injured employee as a complete defense by corporations not employed in interstate commerce. *W. P. Brown & Sons Lumber Company* v. *Oties,* 189 Ark. 338; *Missouri Pacific Transportation Company* v. *Baxter,* 189 Ark. 1147. The instruction was properly refused.

Appellant's last contention for a reversal of the judgment is that the verdict was excessive. Appellee was twenty-five years of age when injured, and was physically strong and able to do most any kind of ordinary hard labor. At the time of the trial, he was able to stand on his feet for only a few hours and suffered much pain when doing so. He could do little or no work. After the injury, he suffered so much from the pain he could not sleep much at nights. At first his foot was bandaged with tape for several weeks and then same was X-rayed and put into a cast for several weeks. During this time, he walked on crutches. His trouble was a fallen arch, which was attributable in part to his injury. At the time of the trial, at the advice of physicians, he was using a steel arch support in his shoe. The physicians who had examined and treated him were of opinion that he might get well within a year, but were not certain about it. In giving the testimony its strongest probative force in favor of appellee as to the injury and extent thereof, and the pain and suffering he endured, it cannot be said that the jury allowed him an unreasonable amount. It of course was a jury question, and the damages in the sum of $2,000 awarded him is supported by ample substantial evidence.

No error appearing, the judgment is affirmed.