STANDARD OIL COMPANY OF LOUISIANA *v.* MILNER.

4-4075

Opinion delivered December 16, 1935.

*Moore, Gray, Burrow & Chowning,* for appellant.

*B. R. Bogard* and *Tom W. Campbell,* for appellee.

JOHNSON, C. J. This action was instituted by appellee, Aubrey A. Milner, against appellant, Standard Oil Company of Louisiana, in the circuit court of Pulaski County to compensate a personal injury, alleged to have been received by and through the negligence of appellant, its servants, agents and employees. The answer denied the material allegations of the complaint and affirmatively pleaded contributory negligence and assumed risk. Upon trial to a jury the issues were determined in favor of appellee, and his damages were assessed at $5,000, for which sum a judgment was duly entered, from which this appeal comes.

It is tacitly conceded that the testimony in behalf of appellee is sufficient to support the jury's finding of liability, therefore the testimony on this phase of the case will not be reviewed by us. It is contended, however, that the jury's verdict is excessive, therefore it will be necessary to notice the testimony in this regard. Appellant's primary contention for reversal is that the circuit court erred in giving to the jury in charge appellee's requests numbered, one and three, by which the jury was told to return a verdict in favor of appellee without conditioning such finding upon its defense of contributory negligence, and *Postal Telegraph Co. v. White,* 188 Ark. 361, 66 S. W. (2d) 642, is cited as decisive of this contention. Such is the effect of the case cited, but, when properly analyzed, it does not necessarily have this effect. In the cited case, *supra,* three defenses were interposed, namely: release from liability, assumed

risk and contributory negligence. All three of these defenses were ignored in the finding instruction there condemned. We there held that it was error to give the finding instruction for plaintiff without conditioning such instruction upon the three defenses there interposed. Our attention was not called to, and we did not consider or discuss the effect of the Master and Servant Act of 1913, which now appears as §§ 7144 to 7150, inclusive, of Crawford & Moses' Digest, which has modified the defense of contributory negligence, therefore we now feel free to consider and decide this question upon its merits.

By the sections of the statutes heretofore referred to and in all actions arising thereunder, contributory negligence is not a complete defense thereto. We have so decided many many times. *Ward Furn. Mfg. Co.* v. *Pickle,* 174 Ark. 463, 295 S. W. 727; *Bradley Lbr. Co.* v. *Tarvin,* 181 Ark. 1145, 27 S. W. (2d) 520; *Miss. River Fuel Co.* v. *Senn,* 184 Ark. 554, 43 S. W. (2d) 255; *Dierks Lbr. & Coal Co.* v. *Tollerson,* 186 Ark. 429, 54 S. W. (2d) 61; *American Co. of Ark.* v. *Baker,* 187 Ark. 492, 60 S. W. (2d) 572; *W. P. Brown & Sons Lbr. Co.* v. *Oaties,* 189 Ark. 338, 72 S. W. (2d) 213; *Hartman-Clark Bros.* v. *Melton,* 190 Ark. 1001, 82 S. W. (2d) 257.

Since contributory negligence is not a complete bar to appellee's cause of action, it necessarily follows that the court did not err in refusing to modify appellee's finding instruction to negative contributory negligence. It is only in cases where the defense or defenses interposed are complete and not partial that finding instructions must be conditioned upon such defenses, and the corollary of this proposition is that partial defenses only should not be stated as conditions to recovery. *Temple Cotton Oil Company* v. *Skinner,* 176 Ark. 17, 2 S. W. (2d) 676; *Coca-Cola Bottling Co. of Blytheville* v. *Doud,* 189 Ark. 986, 76 S. W. (2d) 87; *National Gas & Fuel Co.* v. *Lyles,* 174 Ark. 146, 294 S. W. 395; *Garrison Company* v. *Lawson,* 171 Ark. 1122, 287 S. W. 396.

The views here expressed are not in conflict with those stated in *Garrison Company* v. *Lawson, supra,* and cases there cited. In all the cases there referred to we

were dealing with finding instructions which ignored defenses which were available to appellant as a complete bar to liability.

We conclude therefore that no error was made to appear by this assignment.

Appellant next urges that the trial court erred in giving to the jury in charge appellee's request number 2, as follows: "If the jury find from a preponderance of the evidence that the plaintiff, Aubrey A. Milner, and W. E. Scott on April 1, 1934, were employees of the defendant, Standard Oil Company of Louisiana, and that the construction foreman for said company under whom they were working ordered or directed them to leave El Dorado, Arkansas, on the evening or night of April 1, 1934, and go to Hampton, Arkansas, so as to arrive at Hampton on the morning of April 2, 1934, to assist in doing certain work for said defendant at Hampton, and ordered or directed the plaintiff and said Scott to make said trip in a truck belonging to the defendant, Standard Oil Company of Louisiana, and that, while plaintiff and Scott were riding in said truck from El Dorado toward Hampton, and while the said W. E. Scott was driving said truck, if you find that he did drive said truck on such trip, the said Scott failed to keep a reasonable lookout ahead and failed to keep said truck under reasonable control, and that, on account of his failure so to do, if you find from the evidence he did fail so to do, the said Scott caused or allowed said truck to leave the highway and run into a ditch and injure the plaintiff, and that, in failing to keep a reasonable lookout, and in failing to keep said truck under reasonable control, he failed to use ordinary care for the safety of the plaintiff, and that the plaintiff had not assumed the risk of such injury, you should find for the plaintiff in this case and assess his damages as hereinafter explained in these instructions."

The contention is that there is no testimony to support this instruction. A witness for appellee on this point testified: "Q. Tell the jury what your foreman instructed you people to do? A. Our foreman instructed us to take what material, and Arthur Wallace to El

Dorado, and unload and come back to Hampton that night, or part of the way, so we could be on the way early the next morning at eight o'clock. Q. Up on the job at eight o'clock the next morning at Hampton? A. Yes, sir. Q. Did he tell you whether or not to take the truck back with you to Hampton? A. Yes, sir. Q. What did he tell you to do at Hampton? A. We were to dismantle a storage tank and get it ready to ship to Hope, Arkansas.''

This testimony is amply sufficient to support the submission of this question.

Lastly appellant .contends that the jury's verdict and consequent judgment for $5,000 is excessive. The testimony on this phase of the case warranted the jury in finding that prior to appellee's injury he was a stout, able-bodied young man, 37 years of age, and in perfect health, fully capable and competent to perform all kinds of manual labor; that he had an expectancy of more than 30 years and was earning at the time of his injury $16 per week; that his earning capacity on account of his injury has been reduced to almost nothing. Dr. McGill testified that appellee's knee was permanently injured to the extent that he could never successfully do work that required walking or standing. This testimony is amply sufficient to support the verdict and judgment.

No error appearing, the judgment is affirmed.