GOODIN, ADM'X. v. BOYD-SICARD COAL COMPANY.

4-5277                                    122 S. W. 2d 548

Opinion delivered November 28, 1938.

*Roy Gean,* for appellant.

*Thomas Harper,* for appellee.

DONHAM, J. The appellant, as administratrix of the estate of William David Goodin, deceased, brought suit against the appellee, Boyd-Sicard Coal Company, for the use and benefit of the estate and the widow and minor children of the deceased for the alleged wrongful

death of the deceased caused from a large rock's falling upon him in the west entry of appellee's coal mine at Excelsior, Arkansas. Deceased received his injuries October 1, 1937, and died from the effects thereof the following day. The deceased was foreman in the mine and it is alleged that he received his injuries because the appellee failed to exercise ordinary care to furnish him a reasonably safe place in which to work.

The deceased had general charge of the production of coal, but there were two "wall bosses" who had charge of the entries of the mine and there is substantial proof in the record to the effect that it was the duty of the wall boss working the west entry where deceased was injured to make the place where the rock fell upon deceased reasonably safe. There is substantial evidence to the effect that it was his duty either to have timbered the entry so that the rock would not have fallen, or to have taken the rock down. The appellee sought to avoid liability on the ground that the deceased, being foreman, was chargeable with making the place where the rock fell safe. It was contended that the deceased knew that there was danger that the rock might fall and that, therefore, he was guilty of contributory negligence in going under it and that he assumed the risk, both contributory negligence and assumed risk being pleaded as full and complete defenses.

The deceased in the discharge of his duties as foreman was required to be all through the mine. But it is shown by the evidence that he had not been near the place where the rock fell upon him for several days until a few moments before the rock fell and injured him. The wall boss, Harry Simon, walked under the rock immediately in advance of the deceased and he testified that he did not know that there was any immediate danger of the rock's falling and stated that if he had known it, he would not have walked under it. As stated, there is substantial evidence in the record to the effect that it was the duty of the wall boss to know whether or not there was danger that the rock might fall in the entry at the place where deceased was injured, and that it was his further·duty to exercise care to keep the place rea-

sonably safe, either by removing the rock or by timbering the entry so that the rock would not fall.

The case was submitted to the jury upon conflicting evidence as to the issues of fact and a verdict was returned for appellee. Judgment was rendered thereon and the appellant prayed and was granted an appeal to this court.

Appellant contends that the judgment of the trial court should be reversed because of erroneous instructions given by the court. The court modified instructions "A" and "2-A" requested by appellant and gave said instructions as modified, over the objection of the appellant, proper exception in each case being saved. The modification by the court was to the effect that if the jury found that the deceased was guilty of contributory negligence, as defined in the instructions of the court, appellant could not recover. Instructions Nos. 19, 20 and 24 given at the request of appellee also required the jury to find for appellee, if it was found that deceased was guilty of contributory negligence.

The appellee was a corporation. The cause of action of an employee working for a corporation who receives injury while engaged in the course of his employment is based on § 9130 of Pope's Digest, which reads as follows:

"Every corporation, except while engaged in interstate commerce, shall be liable in damages to any person suffering injury while he is employed by such corporation, or, in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin of such employee, for such injury or death resulting in whole or in part from negligence (of such corporation or from the negligence) of any of the officers, agents or employees of such corporation."

In such cases, contributory negligence does not bar recovery. It only reduces the damages in proportion to the amount of negligence attributable to the injured employee. Section 9131 of Pope's Digest is as follows:

"In all actions hereafter brought against any such corporation under or by virtue of any of the provisions of this act to recover damages for personal injuries (to an employee, or where such injuries) have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury (and not by the court) in proportion to the amount of negligence attributable to such employee; provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such corporation of any statute enacted for the safety of employees contributed to the injury or death of such employee."

In construing the last-above section of the statute, this court has many times held that contributory negligence as a complete defense has been eliminated from all actions for injury or death while one is employed by a corporation not engaged in interstate commerce. *Athletic Mining & Smelting Co.* v. *Sharp,* 135 Ark. 330, 205 S. W. 695; *Central Coal & Coke Co.* v. *Barnes,* 149 Ark. 533, 223 S. W. 683; *Ward Furniture Mfg. Co.* v. *Weigand,* 173 Ark. 762, 293 S. W. 1002; *Ward Furniture Mfg. Co.* v. *Pickle,* 174 Ark. 463, 295 S. W. 727; *Seaman-Dunning Corp.* v. *Haralson,* 182 Ark. 93, 29 S. W. 2d 1085; *Standard Oil Co. of La.* v. *Milner,* 191 Ark. 972, 88 S. W. 2d 824.

In the last-above case cited, this court said: "By the sections of the statutes heretofore referred to (9130 and 9131, Pope's Digest) and in all actions arising thereunder, contributory negligence is not a complete defense thereto." Citing *Ward Furn. Mfg. Co.* v. *Pickle,* 174 Ark. 463, 295 S. W. 727; *Bradley Lbr. Co.* v. *Tarvin,* 181 Ark. 1145, 27 S. W. 2d 520; *Miss. River Fuel Corp.* v. *Senn,* 184 Ark. 554, 43 S. W. 2d 255; *Dierks Lbr. & Coal Co.* v. *Tollerson,* 186 Ark. 429, 54 S. W. 2d 61; *American Co. of Ark.* v. *Baker,* 187 Ark. 492, 60 S. W. 2d 572; *W. P. Brown & Sons Lbr. Co.* v. *Oaties,* 189 Ark. 338, 72 S. W. 2d 213; *Hartman-Clark Bros. Co.* v. *Melton,* 190 Ark. 1001, 82 S. W. 2d 257.

In *Standard Oil Co. of La.* v. *Milner, supra,* the court further said: "Since contributory negligence is not a complete bar to appellee's cause of action, it necessarily follows that the court did not err in refusing to modify appellee's finding instruction to negative contributory negligence. It is only in cases where the defense or defenses interposed are complete and not partial that finding instructions must be conditioned upon such defenses, and the corollary of this proposition is that partial defenses only should not be stated as conditions to recovery." Citing, *Temple Cotton Oil Co.* v. *Skinner,* 176 Ark. 17, 2 S. W. 2d 676; *Coca-Cola Bottling Co. of Blytheville* v. *Doud,* 189 Ark. 986, 76 S. W. 2d 87; *National Gas & Fuel Co.* v. *Lyles,* 174 Ark. 146, 294 S. W. 395; *Garrison Company* v. *Lawson,* 171 Ark. 1122, 287 S. W. 396.

It is contended by appellee that appellant assumed the risk of injury as a matter of law by the rock's falling upon him. The trial court did not take this view of the case and refused to direct a verdict for appellee on this or any other ground. In this holding, the trial court was correct. Several witnesses testified that there were two wall bosses and that it was their duty to make safe the entry where deceased was injured. One of these wall bosses walked under the rock that fell upon deceased just a few seconds before the rock fell. If the wall boss, whose duty it was to make the place safe and who had been working constantly under and near this rock and who had sounded it as he testified and who had been constantly observing it, thought it not too dangerous to walk under it, it cannot be said, as a matter of law, that the deceased assumed the risk when he, immediately following the wall boss, walked under the rock also.

In the case of *Seaman-Dunning Corp.* v. *Haralson,* 182 Ark. 93, 29 S. W. 2d 1085, this court quoted with approval from 39 C. J., p. 689, as follows: "Although the defense of assumption of risk is established as a part of the law and will be applied in all cases fairly within the rule, it is nevertheless, not a favored doctrine, but at best is artificial and harsh and should not be extended beyond its reasonable limits."

The court further quoted with approval from 39 C. J., p. 1188, as follows: "Whether the servant knew and appreciated the danger or, in the exercise of ordinary care, ought to have known of it so as to be chargeable with the assumption of the risk thereof, is a question for the jury, unless the evidence warrants but a single reasonable inference to such fact. Thus on conflicting evidence it is for the jury to determine whether the danger was obvious or latent, and whether the servant had sufficient opportunity to discover it."

In the case of *Mercury Mining Co.* v. *Chambers,* 193 Ark. 771, 102 S. W. 2d 543, this court quoted with approval from 18 R. C. L., p. 649, as follows: "Although an employee may have had knowledge, as of a physical fact, of the defective condition of a tool, appliance or place, by reason of which he has sustained an injury, it by no means follows that he must have appreciated the danger to which he was exposed. His general knowledge may not have been such as to give him any conception of the peril. The condition may have appeared perfectly harmless. If this is shown to have been the case, his right of recovery is not defeated, for it is an appreciation of the danger, not mere knowledge of the defect by which the danger is threatened, that bars his action."

It seems clear under the rules above announced by this court that the question of whether the deceased assumed the risk was one for the jury.

The court gave a large number of instructions, which, because of repetition, unduly stressed the alleged defenses of appellee and which might have misled the jury. It is unnecessary to call attention specifically to each of these repetitions, but, in view of a new trial, we think it necessary to call attention generally to them. Where the subject-matter is fully covered by one instruction, it is unnecessary to repeat it, as constant repetition serves to place undue stress on the repeated matter and this tends to mislead and confuse the jury. Lengthy charges, numerous separate instructions with much repetition is bad practice and frequently tends to

mislead the jury. This court has condemned such practice.

In the case of *Furlow* v. *United Oil Mills*, 104 Ark. 489, 149 S. W. 69, 45 L. R. A., N. S. 372, this court said: "The court gave a very lengthy charge to the jury, in which are numerous separate instructions relative to the various issues involved in the case. Some of these instructions are repeated, and while this repetition might seemingly lay undue stress upon the matters therein embraced, and for that reason was bad practice and improper, yet in this case we cannot say that prejudice has resulted sufficient to call for a reversal on that ground."

Appellant contends that the court erred in giving a number of instructions, other than those to which specific reference has already been made, dealing with the alleged defenses of contributory negligence and assumed risk. With reference to these instructions, we may say that any instruction to the effect that the deceased was guilty of contributory negligence, as a matter of law, or to the effect that he assumed the risk, as a matter of law, was erroneous. Furthermore, any instruction which barred appellant from recovery, if the deceased was found by the jury to have been guilty of contributory negligence, was erroneous. Of course, if deceased was guilty of negligence and such negligence was the sole proximate cause of his injuries and death, there could be no recovery. But contributory negligence does not have such effect. It only serves to reduce the damages, in proportion to the amount of negligence attributable to the injured party. As already stated, the questions of contributory negligence and assumed risk were for the jury.

In view of a new trial, there is another matter to which we must call attention. There is evidence in the record to the effect that it was the duty of the deceased to make his own place of work safe. On the other hand, there was evidence in the record to the effect that it was the duty of the wall boss to make inspections of the wall and to use ordinary care to keep same in a reasonably safe condition. Therefore, no instruction should be given which assumes that it was the duty of the ap-

pellee to make the place of work of the deceased safe. Ordinarily, of course, it is the duty of an employer to use ordinary care to make the place of work reasonably safe for his employee. However, when an employee is required as a part of his employment to make his own place of work safe, he cannot recover for his injury due to a negligent failure on his part to perform his duty in this respect. If it was the duty of the appellee, through one of its wall bosses, to use ordinary care to make the place where the rock fell reasonably safe, then, of course, no such duty rested upon deceased as would bar appellant from recovery for his injuries and death. As stated, the record before us makes it a jury question as to whose duty it was to make the place where the injury occurred, safe.

It follows from what we have said that the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.