SMITH *v.* STUART C. IRBY COMPANY.

4-6360                                     151 S. W. 2d 996

Opinion delivered June 16, 1941.

737

*J. L. Merrell,* for appellant.

*W. A. Jackson* and *Arthur L. Adams,* for appellee.

HUMPHREYS, J. This suit was brought by appellant, one of its employees, against appellee, a corporation, to recover damages on account of a personal injury received by him, through the alleged negligent act of his fellow-servant in pushing a keg of spikes or nails toward the wall of appellee's warehouse instead of pulling same from the wall where appellant and his co-employee were stacking them stair-step fashion four tiers high, causing the top keg thus pushed to fall upon and injure appellant who was at the time behind the row of kegs next to the wall.

Appellee filed an answer denying the alleged act of negligence and pleading the assumption of the risks by appellant incident to the work in hand.

The trial of the cause proceeded upon the issues joined until appellant concluded the introduction of his testimony at which juncture appellee moved the court to instruct the jury to return a verdict for it on the ground that appellant's testimony failed to show any liability on its part for the personal injury complained of.

The court granted the motion, directed the verdict and dismissed the complaint of appellant, from which is this appeal.

Only three witnesses testified—appellant, Arthur Ramsey, and Charles Ledgess, appellant's co-worker or fellow-servant. All three agreed upon the manner in which the kegs were being stacked. The bottom tier was several feet from the wall and the other tiers closer to the wall in stair-step fashion until the top keg rested against the wall; that in adjusting the top tier of kegs appellant worked behind the kegs next to the wall and appellee in front of the kegs so that they could not see each other, the kegs being between them; that the kegs were heavy weighing perhaps two hundred pounds each, and that it took both of them to adjust the top tier of kegs so that they would rest against the wall. Arthur Ramsey and appellant testified that in adjusting one of the kegs near the end of the row appellant told Charles Ledgess to pull the keg toward him, but that instead of doing so, Ledgess pushed the keg toward the wall and caused it to fall upon appellant and injure him; that all three testified that when appellant got up he said to Ledgess, "Why did you push the keg instead of pulling it toward you?", and he replied that he misunderstood what he said. At the time of the occurrence Arthur Ramsey was standing within about twenty feet of Ledgess and testified that he heard appellant tell Ledgess to pull the keg toward him. Appellant also testified positively that he told Ledgess to pull the keg toward him. At the time Ledgess was assisting appellant in adjusting the keg he was in conversation with Ramsey who had come into the warehouse searching employment. He, Ledgess, was telling Ramsey in response to his inquiry, that the boss would be in shortly, and he would have an opportunity to talk with him. It is true that on cross-examination all three witnesses said that it seemed to them that Ledgess misunderstood what appellant had said to him about pulling the keg.

We think this testimony presented an issue of fact as to whether Ledgess, through inattention to his business, carelessly and negligently misunderstood the direction given him by appellant. It, of course, was the duty of Ledgess to keep his mind on the business in hand, and if his failure to do so caused him to push the keg instead

of pulling it as directed his act or conduct constituted actionable negligence on the part of appellee's servant and the negligence of the servant was attributable to appellee. There is nothing in the evidence tending to show that Ledgess could not have heard or understood the direction of appellant to pull the keg toward him. According to the testimony of Ramsey, he heard the direction plainly and was standing at some distance from the two men at the time the direction was given. There is nothing in the record to show that Ledgess was hard of hearing or that the direction was not definite and certain. Had the issue been submitted to the jury they could have reasonably found that the reason Ledgess did not understand the direction was because he was giving his attention to the conversation between him and Ramsey rather than to the work in hand.

In the recent case of *Missouri Pacific Railroad Co.* v. *Kagy,* 201 Ark. 150, 143 S. W. 2d 1095, this court said: "The rule is that where fair-minded men might differ honestly as to the conclusion to be drawn from the facts, either controverted or uncontroverted, the question should go to the jury, . . ."

We think this rule is applicable here because fair-minded men might differ honestly as to the conclusion to be drawn from the facts detailed above. Fair-minded men may have concluded from the facts that while Ledgess misunderstood the direction given, his misunderstanding was the result of his inattention to his business. The duty rested upon him as a fellow-servant to give his attention to his business so that he might understand directions or requests made by his co-worker.

Appellee contends, however, that the undisputed evidence shows the injury was the result of an accident for which no one is responsible. There is nothing in the testimony showing that the injury resulted from an accident. It resulted from the failure of Ledgess to heed the direction given by appellant to pull the keg.

Appellant also contends for a reversal of the judgment upon the ground that he did not assume the risk incident to the employment. This court ruled in the case

of *Missouri Pacific Rd. Co.* v. *Pipkin*, 189 Ark. 890, 75 S. W. 2d 801 (quoting syllabus 4), that: "Negligence of a fellow-servant is not an incident of the employment, and the servant does not assume the risks thereof unless they are obvious and patent."

Appellant could not have anticipated that his fellow-servant, Ledgess, would fail to heed his direction to pull the keg instead of pushing it and therefore his act in doing so was not an incident to the employment which was obvious or patent.

We think under the evidence in this case appellant made a *prima facie* showing that Charles Ledgess, his fellow-employee, was negligent in shoving the keg over on him instead of pulling it as he was directed to do, provided his failure to pull the keg was due to his inattention to the business in hand.

Reversed and remanded for a new trial.