STUART C. IRBY CO. *v.* SMITH.

4-6946                                              168 S. W. 2d 618

Opinion delivered February 1, 1943.

*Arthur L. Adams,* for appellant.

*J. L. Merrell,* for appellee.

McFADDIN, J.   This is the second appeal in this case. The opinion of this court on the first appeal is reported

in 202 Ark. 736, 151 S. W. 2d 996, where a full statement of the facts in the case may be found.

On the first appeal, this court held that the trial court had erred in directing a verdict for the defendant; and the cause was reversed and remanded. The second trial in the circuit court resulted in a jury verdict for the plaintiff; and the defendant has now appealed, raising only two questions on the present appeal. We now state and decide these:

I. Defendant's request for an instructed verdict.

The appellant claims that, on the second trial below, the circuit court should have given an instructed verdict for the defendant. On the first appeal in this case, this court decided that the testimony for the plaintiff presented a jury question; and that the trial court had erred in failing to submit the cause to the jury. This language appears in the first opinion:

"We think this testimony presented an issue of fact as to whether Ledgess, through inattention to his business, carelessly and negligently misunderstood the direction given him by appellant. It, of course, was the duty of Ledgess to keep his mind on the business in hand, and if his failure to do so caused him to push the keg instead of pulling it as directed his act or conduct constituted actionable negligence on the part of appellee's servant and the negligence of the servant was attributable to appellee. . . . Had the issue been submitted to the jury they could have reasonably found that the reason Ledgess did not understand the direction was because he was giving his attention to the conversation between him and Ramsey rather than to the work in hand."

On the second trial in the circuit court, the evidence for the plaintiff was substantially the same as on the first trial. The same three witnesses testified concerning the way the plaintiff had received his injury. The present appellant has not pointed out to us, and a study of the record has failed to disclose, any substantial difference between the testimony for the plaintiff on the second trial as compared with the testimony for the plaintiff on the first trial. For a hundred years this court has held that

where the record on the second appeal is substantially the same as on the first appeal, the holding of this court on the first appeal becomes the law of the case and binding on the second appeal. Beginning with the case of *Fortenberry* v. *Frazier, et al.,* 5 Ark. 200, 39 Am. Dec. 373, (decided in 1843) and continuing on down to the present time, this court has uniformly followed this rule. In the case of *Missouri Pacific Railroad Company* v. *Foreman,* 196 Ark. 636, 119 S. W. 2d 747, Judge DONHAM cited more than a score of cases from this court, all announcing and following the same rule; and this reference to that decision saves a relisting here of the many cases in point.

In *McDonough* v. *Williams,* 86 Ark. 600, 112 S. W. 164, Judge McCULLOCH, speaking for the court, said: "Learned counsel for appellant argue with much zeal and plausibility that the plaintiff did not make out a case to go to the jury, and that the findings of the jury as to the various essential elements of the alleged cause of action are not supported by evidence. The same question was argued with equal force and confidence when the case was before us on former appeal, but we decided that there was enough evidence to go to the jury."

The holding of this court on this point is the general rule in all jurisdictions. In 3 Am. Jur. 553, the rule is recognized: "The general rule as to the law of the case applies with regard to questions as to the sufficiency of the evidence; and when the case comes up for review a second time and the evidence is substantially the same, the former decision is conclusive. Thus, a ruling that the evidence on a particular issue was sufficient to go to the jury is conclusive on a second appeal, where the evidence at the second trial was substantially the same as that offered at the first."

In the first appeal in this case, this court held that there was a jury question involved; and we now adhere to that decision. So the appellant's first point is not well taken.

II. The question of contributory negligence.

The appellant asked the trial court, on the second trial, to instruct the jury "that the plaintiff, Roy Smith,

186

was guilty of contributory negligence as a matter of law," which requested instruction was by the court refused; and the appellant claims that the refusal of the court was reversible error. We find no error in the action of the trial court in this regard.

The testimony in this case made a question for the jury regarding the plaintiff's contributory negligence, and the trial court was correct in refusing to instruct the jury as a matter of law that the plaintiff was guilty of contributory negligence. In the case of *Coca-Cola Bottling Company* v. *Shipp,* 174 Ark. 130, 297 S. W. 856, it was held that when the question of whether the plaintiff was guilty of contributory negligence was a matter about which fair-minded men might differ, then the question of contributory negligence should be submitted to the jury. *Gibson Oil Company* v. *Bush,* 175 Ark. 944, 1 S. W. 2d 88; *Missouri & North Arkansas Railroad Company* v. *Clayton,* 97 Ark. 347, 133 S. W. 1124.

There is an additional reason why the trial court was correct in refusing the requested instruction: the appellant did not request an instruction directing the jury to consider contributory negligence in determining the amount of recovery, but asked that the jury be instructed as a matter of law that the plaintiff was guilty of contributory negligence. The requested instruction was improper. In this case (the plaintiff being a corporation not engaged in interstate commerce), contributory negligence was not an absolute defense, but was a matter that the jury might consider in diminishing the damages, if any, awarded the plaintiff. In the case of *Missouri Pacific Transportation Company* v. *Baxter,* 189 Ark. 1147, 76 S. W. 2d 958, this court said:

"It is provided by §§ 7144 and 7145 of Crawford & Moses' Digest that in actions for personal injuries by employees against such corporations, contributory negligence shall not bar a recovery but will have the effect of diminishing the damages in proportion to the amount of negligence of the respective parties. Under the provisions of these statutes, this contention of appellant cannot be sustained, and the requested instructions were properly refused."

The question of whether or not the plaintiff had been guilty of contributory negligence so as to reduce the amount of his recovery was, therefore, under the facts in this case, a question for the jury even if the proper instruction had been requested.

It therefore follows that the cause is affirmed.

CARTER, J., (dissenting). I think the judgment should be reversed and the case dismissed.

This case has been here once before. At its original trial, the court granted a motion for a directed verdict in favor of the defendant. This court reversed and remanded the case for a new trial, its opinion being reported at 202 Ark. 736, 151 S. W. 2d 996. There has been no substantial change in the testimony.

In my opinion, the original decision was wrong and the testimony then before the court, and now before the court, showed that the plaintiff had no cause of action.

The decision of the court on this appeal is that by reason of the doctrine of "the law of the case," we are bound to affirm the judgment, even though we may think there is no liability. In my opinion, this doctrine is wrong and is based upon an erroneous conception of the functions of a court. It is not the function of a court to make a binding adjudication between the parties that party "A" is entitled to have his rights determined under one or another of many different rules of law. The function of a court is to adjudge that one party is entitled to recover a definite sum of money from another, or is entitled to have a contract specifically performed, or is entitled to a certain injunction, or is entitled to a definite relief of some sort that courts have been accustomed to give. A party comes into court complaining that certain of his rights have been violated. If the court finds this to be true, the function of the court is to create and give him another right in lieu of the right which has been violated—to give him relief, not to give him a rule of law. If the court finds that no right has been violated, then it is the function of the court to determine that the complaining party is not entitled to the new right which he seeks. It is not, and never has

been, a proper function of the court to adjudicate in a manner binding either upon the parties or itself, that one party has a vested right in any particular rule of law or in any particular mistake that has been made by the courts. Every question of law or of fact, which the court may consider in arriving at its final conclusion as to whether it should or should not give to the complaining party the new right which he seeks, should be open for examination and re-examination until the final act of judgment has been completed—until the court gives or denies the relief which is asked.

Courts are naturally disinclined to re-examine questions which they have once passed upon in the particular case before them, and consequently there are many decisions to the effect that such a question had been previously passed upon by the court in the case then before it and would not be re-examined. I think that the doctrine of ''the law of the case'' arose out of the desire of digesters to find some pigeon-hole in which such remarks of the courts could be indexed or digested. There is no sound reason why any question before the court in any controversy before it should not be open for re-examination at any time before the final act of judgment.

If I am correct in my belief that the evidence on this trial fails to show, as I think the same evidence failed to show on the first trial, that the plaintiff had any right to recover from the defendant, then the defendant is being mulcted in damages, not because the defendant has injured the plaintiff but simply because this court made a mistake when this case was first before it. Such a result can be defended before lawyers on the basis of precedent, but it cannot be defended before anyone else.

It would, of course, increase the difficulties of the trial courts if the procedure here advocated were followed, but that is not a valid excuse for the existence of the doctrine of ''the law of the case.'' Courts exist that justice may be done, no matter how difficult the process may be.

I think the judgment should be reversed and the case dismissed.