AETNA INS. CO. *v.* WARREN, ADMX.

5-2649                                      356 S. W. 2d 233

Opinion delivered April 16, 1962.

*Dickson, Putman & Millwee,* for appellant.

*Crouch, Jones, Blair & Cypert,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellant is an insurance company which issued its policy of insurance to the Bon Ton Cleaners in Springdale under which it insured the Bon Ton and its customers for loss or damage by fire, as well as other hazards, on all kinds of lawful goods and articles accepted by the Bon Ton Cleaners for cleaning, renovating, pressing, repairing or dyeing while such property was on the premises of the insured Bon Ton. The policy did not insure against loss of or damage to goods held on storage.

The appellee, Mrs. Albano Maestri hereinafter referred to as appellee, resides at Tontitown in Washington County and had been a customer of the Bon Ton for several years.

Sometime during the month of April, or May, of 1957, the appellee delivered to the Bon Ton route man certain items of fall and winter clothing and instructed the route man that the clothing was to be cleaned, put in moth-proof bags and held until called for. In the month of July, 1957, a fire occurred on the premises of the Bon Ton Cleaners in Springdale and appellee's clothing, which was in the custody of Bon Ton Cleaners, was destroyed or damaged in the amount of $230.60 for which amount suit was brought against the appellant

At the conclusion of the testimony presented in the trial of this case in the Washington Circuit Court, a verdict was directed for the appellee in the sum of $230.60 plus penalty and attorney's fee in the sum of $300.00 against appellant, from which comes this appeal.

The point to be determined here is whether or not the clothing belonging to appellee was entrusted to the Bon Ton Cleaners for "cleaning, renovating, pressing, repairing or dyeing," or was it on the premises of Bon Ton for storage. If it was in the hands of Bon Ton for storage it was not covered by the policy sued on. There is testimony in the record that the regular custom between Bon Ton and its customers at Tontitown was for its route man to pick up the clothes to be processed and return them the following trip unless picked up sooner by the owners. The clothing which the appellee delivered to the Bon Ton route man in April or May, 1957, was fall and winter clothing. The testimony of Mrs. Maestri in regard to her intention in delivering the clothes to the cleaner is clear. The clothing was fall and winter clothing and she did not contemplate the use of the clothing until fall or winter or cooler weather. She told the route man of the Bon Ton to have the clothes cleaned, put in moth-proof bags and held until called for.

In order for the clothing to be considered as held in storage it was not necessary for the owner to state, "I instruct you to hold these clothes on storage." Webster defines storage as the act of storing or state of being stored. The instruction which Mrs. Maestri gave to the route man constituted a deviation from the custom or accepted usage that had prevailed between the parties heretofore, that is, instead of having the clothing processed and re-delivered to her on the next trip, he was instructed to clean and put in moth-proof bags and keep until called for. Evidence of custom or course of prior dealings between the parties is competent to consider in determining the meaning of the instructions given to the cleaner.

The case of *Aetna Insurance Co., Inc.* v. *Warren, Admx.*, 231 Ark. 405, 329 S. W. 2d 536, was a case which involved this same insurance policy, the same cleaning and pressing establishment and almost the same identical facts. In that case the court also instructed a verdict against the insurance company and in reversing that cause, this court said:

"It, therefore, appears to us that this vital question, whether Mrs. Harp's clothes were stored or not stored under the above quoted provisions of the policy and under the evidence as we have summarized it above is one that should be passed upon by a jury. If this were a case in which it could be said that fair minds could reach only one conclusion on the question of whether Mrs. Harp's clothes were stored or not stored then the trial court would be right in treating the question as a matter of law. We are unable to say that the testimony in this case is that simple and clear and we are, therefore, constrained to conclude that this issue should have been submitted to a jury. It follows from what we have said above that the trial court erred in finding that as a matter of law that Mrs. Harp was entitled to recover for the cost of her clothes."

We have many times held that a jury question is presented where reasonable minds might reach different conclusions. *Grand Lodge A. O. U. W.* v. *Banister,* 80 Ark. 190, 96 S. W. 742; *St. Louis I. M. & S. Ry. C* v. *Coleman,* 97 Ark. 438, 135 S. W. 338; *D. F. Jones Const. Co.,* v. *Lewis,* 193 Ark. 130, 98 S. W. 2d 874; *Smith* v. *Stuart C. Irby Co.,* 202 Ark. 736, 151 S. W. 2d 996; *McGeorge Contracting Company* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566; and, *Williams* v. *Cooper,* 224 Ark. 317, 273 S. W. 2d 15. There is abundant testimony in this record from which the jury might have determined the value of the clothing and that the clothing involved was delivered to the Bon Ton Cleaners for storage and these issues should have been presented to the jury.

For error of the trial court in directing a verdict for the appellee this cause is reversed and remanded for further proceedings in accord with this opinion.