## RANDLEMAN *v.* TAYLOR.

### Opinion delivered April 18, 1910.

1. BOUNDARIES—EFFECT OF MISTAKE.—A consent by coterminous proprietors of real estate to mark a boundary line supposed to run according to the marking between undisputed tracts, given by both in ignorance of the real facts and of the existence of a conflict, does not estop either from claiming his rights when the mistake is discovered; nor can it be construed as a license from the one party to the other to cut timber on the disputed tract up to the supposed boundary line. (Page 512.)

2. REPLEVIN—MEASURE OF DAMAGES.—Where trees are cut by an innocent trespasser, and cannot be recovered, the measure of the owner's damages is the value of the property in its converted form, less the labor expended on it, provided such expense does not exceed the increase in value. (Page 513.)

3. INSTRUCTIONS—PRAYER IN PART INCORRECT.—It was not error to refuse an instruction which was in part incorrect. (Page 513.)

Appeal from Clay Circuit Court, Eastern District; *Frank Smith,* Judge; reversed.

#### STATEMENT BY THE COURT.

R. R. Randleman was the owner of the south ½ of sec. 12, township 21 north, range 7 east, in Clay County, Ark. The timber on the north half of said tract of land belonged to J. A. Taylor.

Randleman brought suit in replevin against Taylor to recover the value of a lot of cypress timber alleged to have been wrongfully cut and removed from the land by Taylor and manufactured into lumber by him. A survey of the land showed that

the timber which is the subject-matter of this suit· was cut
by Taylor from the south half of the above described land.
It will be remembered that Taylor only claimed to own the
timber on the north half of said tract. Taylor claims that he
and Randleman agreed on a boundary line between the two
tracts, and he only cut timber to the agreed line. He further
stated that subsequently there was a settlement between Randle-
man and himself in regard to the timber in dispute. Randle-
man denied this.

The case was tried before a jury, which returned a verdict
in favor of Taylor. From the judgment rendered upon the
verdict Randleman has duly prosecuted an appeal to this court.

*Spence & Dudley,* for appellant.

Appellant was not estopped from claiming his rights under
the true line after it has been discovered. 129 U. S. 760; 21
L. R. A. 829.

*Hunter & Castleberry,* for appellee.

The appellate court will not reverse a judgment if there is
legally sufficient evidence to sustain it. 82 Ark. 214; *Id.* 372;
84 Ark. 359; *Id.* 406; 87 Ark. 109; 90 Ark. 100. When the
line between the two land owners is established by agreement,
it is binding on both parties. 15 Ark. 297; 23 Ark. 704; 71
Ark. 248; 75 Ark. 248. The judgment is right, and should be
affirmed. 81 Ark. 247; 84 Ark. 172; 85 Ark. 451; 89 Ark. 154;
90 Ark. 524.

HART, J., (after stating the facts). Counsel for appellant
assign as error the action of the court in giving the following
instruction: "IV. Defendant denies that he did in fact cut
any timber on the south half of the south half, but says his
operations were confined exclusively to the north half of the
south half, and he says further that, even though any trees
were cut on the said south half of the south half, they were
cut under the following circumstances: That the line between
the said south half and the north half was undetermined, and
was not known accurately to either himself or the plaintiff, and
that to adjust any difference as to the true location of the line
they established it by agreement fairly made and free from
fraud, and that he cut no timber on the said south half as
bounded by said established line. If you find the facts so to be,
your verdict will be for the defendant."

The instruction was erroneous, and should not have been given.

To sustain their contention, counsel for appellant rely upon the case of *Schraeder Mining & Manufacturing Co.* v. *Packer,* 129 U. S. 688, in which the court hold: "A consent by coterminous proprietors of real estate to mark a boundary line supposed to run according to the marking between undisputed tracts, given by both in ignorance of the real facts and of the existence of a conflict, does not estop either from claiming his rights when the mistake is discovered; nor can it be construed as a license from the one party to the other, to cut timber on the disputed tract up to the mistaken boundary line."

The evidence in the case at bar shows that appellant and appellee agreed upon a boundary line under the belief that it was the true line, when in fact it was not, and that immediately the timber was cut and removed from the land. In short, it was an erroneous line agreed upon by mistake. In such cases the agreement is not binding, but may be set aside by either party when the mistake is discovered, unless there is some element of estoppel which prevents him. 4 Am. & Eng. Enc. Law (2 ed.), 862.

It is only where the true line is unknown, or is difficult of ascertainment, and the parties establish the line to settle a disputed and vexatious question as to the boundary line between them, that the agreement is binding. In such cases the mutual concessions between the parties is a sufficient consideration for the agreement. In the present case the boundary line was not incapable of ascertainment. The parties agreed to the line under the mistaken belief that it was the true line.

The measure of damages in cases like this, where the property has been cut by an innocent trespasser and delivery can not be had, is the value of the property in its converted form, less the labor expended on it, provided such expense does not exceed the increase in value. *Eaton* v. *Langley,* 65 Ark. 448; *Nashville Lumber Co.* v. *Barefield,* 93 Ark. 353.

Counsel for appellant also insists that the court erred in not giving the folowing instruction: "You are instructed that, as to the alleged settlement and establishment of the line, the burden of proof is upon the defendant." The court did not

err in refusing this instruction; for, while the burden was on the defendant (appellee) to show payment, as declared in *Hays* v. *Dickey,* 67 Ark. 169, and cases cited, the burden was not on him to prove the "establishment of the line." Under the well-settled rules of the court, appellant could not complain of the action of the court in refusing an instruction which was in part incorrect.

For the error in giving instruction No. 4 as indicated in the opinion, the judgment will be reversed, and the cause remanded for a new trial.