RCA VICTOR COMPANY, INC., v. DAUGHERTY.

4-3967

Opinion delivered October 7, 1935.

*Moore & Burke* and *G. D. Walker*, for appellant.
*W. G. Dinning*, for appellee.

BAKER, J. The appellee, Evelyn W. Daugherty, was the owner of a picture show house in West Helena, and R. L. Brooks, her brother-in-law, who was managing her affairs there, entered into a contract with A. A. Hughes, representing the R. C. A. Victor Company, Inc., for the lease of motion picture sound producing equipment for use in the said theatre. This theatre equipment was already in place in the building at the time the contract was made.

There is a sharp dispute between testimony offered in behalf of appellant, and that offered in behalf of the appellee about the contract, but all parties agree upon certain facts.

Appellee was to pay $100 in cash, and to pay $17.50 per week, which payments appellant claims were to continue over a period of 156 weeks, but the appellee contended that they were to continue for 104 weeks.

A. A. Hughes, agent for the appellant, had authority to prepare a contract, secure the signature of his customer, and forward the same for approval or acceptance to the main office of the appellant company. In this case Hughes and Brooks each say that the contract was agreed upon in Brooks' office, in the presence, however, of one or two other persons; that, after they had agreed upon terms, conditions, etc., Brooks called the appellee, Mrs. Daugherty, at Memphis, and advised her of the fact that they had agreed upon a contract, and that it would be presented to her by Hughes for her signature, and requesting her to sign same when presented. A short time thereafter, perhaps on the same day, Hughes presented the contract to Mrs. Daugherty at Memphis, who, together with her husband, went with Hughes to a notary public, before whom she signed and acknowledged the

same. The $100 payment had already been collected from Brooks.

The evidence is not wholly undisputed that Mrs. Daugherty signed the contract without personal investigation, and at the same time signed a note presented to her by Hughes, and these papers were sent to the appellant company for approval.

Shortly after the execution of the contract, appellee was in default and admits that she continued in default until the time of the institution of this suit.

In fact, two suits were brought, but these were later consolidated and tried together. The first suit was a suit in replevin to recover the theatre equipment involved, and the second was to recover the balance alleged to be due upon the note.

If, in consideration of this case, we confine ourselves strictly to the written pleadings, a situation somewhat confusing arises. In defense of the suit, Mrs. Daugherty pleaded that the defendant company, by its agent, Hughes, fraudulently changed the contract after it had been agreed upon as between Brooks and Hughes, and before it was presented to her at Memphis, Tennessee, so that, upon its execution by her, it appeared upon its face to be a contract binding her to make payment for 156 weeks, or three years, instead of 104 weeks, or two years. She alleged that, by reason of said fraudulent conduct in so changing the contract after Brooks had telephoned her to sign the instrument that would be presented by Hughes, the said contract, as sued upon, was void and not binding upon her. She did not, however, offer to rescind the contract, or to return the property delivered to her on account thereof, but on the other hand she executed a retaining bond, in the replevin suit, to hold and keep in her custody the property. Her answer or pleadings in both of the suits were substantially to the same effect.

After the consolidation of the two causes, in fact, at the time of the submission to the jury, the trial court, by an announcement, simplified the issues. This announcement was made without objection to any part thereof.

The announcement is as follows: *"The court:* It is agreed on the part of the plaintiff that if the verdict of

the jury should be for $1,720, and if the judgment is paid within ten days, the defendant will be permitted to keep the machine for a period of ten years from the date of the contract; and it is agreed on the part of the defendant, if the verdict goes for the amount of either $810 or $1,720, that the plaintiff will be entitled to the machine unless said judgment is paid within ten days, and an instruction to the jury on the possession of the machine is waived, and the court may make the order in accordance with the verdict of the jury.''

The jury, by its verdict, found for the appellee, that is to say, the verdict is in accordance with her contention, fixing the amount of the debt at $810. The appellant claims that the amount of the indebtedness was $1,720. The appeal is to settle this controversy.

From the foregoing it will be observed that only one question was submitted for determination, that is, should the jury return a verdict for $810 or for $1,720, in favor of the plaintiff. The question of the right of possession of the theatre equipment was not submitted to the jury.

This proceeding under this announcement of the court, the parties consenting thereto, or at least not objecting, not only simplified the issues or controversies, as between the parties, but waived many of the propositions urged and briefed on this appeal.

There is a vigorous presentation made to us that the defendant's pleadings do not justify the submission to the jury of the matter of appellant's contention that she was owing only $810; that she has not sued, by way of recoupment or offset, on account of the loss alleged to have been occasioned by reason of the change in the contract, as pleaded by her.

In addition to the foregoing matter, as above set out, in regard to the announcement of the issues, and the acceptance thereof by the parties, it can well be argued that, testimony having been offered by the appellee developing her theory without objection, her pleadings will be deemed to have been amended to conform thereto. *Britton* v. *Meriwether,* 166 Ark. 414, 265 S. W. 364; *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44; *Thomas* v. *Spires,* 180 Ark. 671, 22 S. W. (2d) 553.

The appellee was not required to rescind the contract upon the discovery of fraud. She had the right, if she desired to do so, to wait until suit was filed to collect the money appellant claimed was due and owing, and then to recoup for such losses as may have been sustained by her on account of the deceit and fraud. This is in accordance with an opinion written by Chief Justice HART, in the case of *Held* v. *Mansur,* 181 Ark. 876, 28 S. W. (2d) 704.

Authority for this proceeding may be found in some of the earlier cases. *Matlock* v. *Reppy,* 47 Ark. 148, 14 S. W. 546. We discussed this proposition in a recent case, *Smith* v. *Leeper,* 189 Ark. 1051, 1055, 75 S. W. (2d) 1012.

No doubt, the trial court had these matters in mind at the time the above and foregoing announcements were made upon the trial of this case.

The simplified issues were properly submitted for the jury's determination upon correct instructions. The jury settled these disputed questions of fact. The verdict was supported by the evidence.

The question presented here is not what we might have done upon the trial of the cause, but what the jury did upon evidence sufficient to support its verdict.

From the foregoing, it must be seen that interesting matters in regard to pleadings and instructions, relating to fraud and deceit, must pass out of the case.

All controversies having been determined by settlement of the one real issue in favor of the appellee, the judgment is affirmed.