WILSON *v.* DAVISON.

4-5270                                     122 S. W. 2d 539

Opinion delivered November 28, 1938.

*Brewer & Cracraft,* for appellant.
*W. G. Dinning,* for appellee.

DONHAM, J. Appellees were injured November 16, 1937, as the result of a collision between the automobile occupied by them and one occupied and driven by Mrs. J. D. Miller and owned by her husband, J. D. Miller.

J. D. Miller had a verbal agreement with the appellant, Roy Wilson, who operated a cleaning plant in Helena under the trade name of "The Unique Cleaning Service," whereby he agreed to furnish his own car and pay his own expenses in soliciting cleaning and pressing which he brought to appellant's plant. Under his agreement with appellant, Miller would receive 40 per cent. of the price of the cleaning for his services. He went when he pleased and where he pleased and was not in any manner under appellant's control nor was he subject to appellant's direction. The only limitation placed upon Miller in soliciting cleaning and pressing was that he was not permitted by appellant to solicit in Helena or West Helena. Miller extended such credit to his customers as he desired to extend, not as a credit of appellant, but as a personal credit of himself. There was no dealing between the appellant and Miller's customers.

The appellant required Miller to pay for the cleaning when it was delivered to him by appellant at appellant's place of business. It is true that Miller was required to pay appellant only 60 per cent. of the usual and customary price for cleaning and pressing, he retaining the remaining 40 per cent. for his own services.

Miller requested from the appellant pasteboard signs with the words "Unique Cleaning Service" printed thereon, which signs Miller inserted on the side windows of his car. This was done to assist him in letting persons know that he was collecting articles which were to be cleaned or pressed by appellant.

Miller had undergone a surgical operation a few days prior to the date of the alleged collision, and his wife did the soliciting for him while he was in the hospital; and it was while she was driving the car that the collision resulting in injuries to appellees occurred.

It was contended by appellant that Miller was an independent contractor and that, therefore, there was no liability on appellant's part to appellees for the injuries they received. On the other hand, it was contended by appellees that Miller was an employee of appellant and that appellant was liable on the theory of *respondeat superior* for the injuries sustained by them as a result of the alleged negligence of Miller's wife. All questions as to whether Miller's wife was negligent are eliminated from our consideration. It is conceded by appellant that she was negligent and that this negligence resulted in injuries to appellees.

A jury trial of the issues of fact resulted in a verdict for Geraldine Davison in the sum of $250, and for Joe Alice Davison in the sum of $500.

The record presents two questions for our consideration: (1) Was J. D. Miller an independent contractor or an employee? and (2) If Miller was an employee, would appellant be liable for the acts of negligence of Miller's wife?

It was clearly shown in evidence that the car being used by Mrs. Miller was owned by her husband, J. D. Miller, and that neither J. D. Miller nor his wife received any instructions or directions from appellant as to where

to go in the performance of their work and no instructions or directions as to the time during which they should engage in the work and that there were no restrictions of any kind placed upon Miller as he went about in the performance of his work, except that he should not solicit cleaning or pressing in Helena or West Helena. Miller's wife went where and when she pleased in soliciting cleaning and pressing, as did Miller when he drove the car. It was shown, beyond question, that Miller paid his own expenses, that is, he bought his own gasoline, and paid for repairs of his car. Miller was responsible for his own extension of credits and appellant had no contact with Miller's customers.

This court has many times held that it is the right to control and direct that determines whether one is a servant or an independent contractor.

In *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Gillihan*, 77 Ark. 551, 92 S. W. 793, this court quoted with approval from Elliott on Railroads, as follows: "In general, it may be said that the liability of the company depends upon whether or not it has retained control and direction of the work."

This excerpt from Elliott on Railroads has been quoted with approval many times by this court. *Arkansas Natural Gas Co.* v. *Miller*, 105 Ark. 477, 152 S. W. 147; *Arkansas Land & Lumber Co.* v. *Secrist*, 118 Ark. 561, 177 S. W. 37; *Wheeler & Co.* v. *Fitzpatrick*, 135 Ark. 117, 205 S. W. 302, and many other cases. In the case of *Moaten* v. *Columbia Cotton Oil Co.*, 193 Ark. 97, 97 S. W. 2d 629, this court said: "This court held, in the case of *Moore Lumber Co.* v. *Starrett*, 170 Ark. 92, 279 S. W. 4, that the vital test in determining whether a person employed to do certain work is an independent contractor or a mere servant, is the control over the work which is reserved by the employer. Stated as a general proposition, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor. An independent contractor is one who, exercising an independent employment, contracts to do a certain piece of work according to his own methods, and without being subject to the control of the

employer, except as to the result of the work." Other cases to the same effect are: *Terry Dairy Co.* v. *Parker,* 144 Ark. 401, 223 S. W. 6; *Harkins* v. *National Handle Co.,* 159 Ark. 15, 250 S. W. 900; *W. H. Moore Lumber Co.* v. *Starrett,* 170 Ark. 92, 279 S. W. 4; *Ellis & Lewis* v. *Warner,* 180 Ark. 53, 20 S. W. 2d 320; *The C. M. Farmer Stave & Heading Co.* v. *Whorton,* 193 Ark. 708, 102 S. W. 2d 79; *Meyer* v. *Moore,* 195 Ark. 1114, 115 S. W. 2d 1087; *Arkansas Power & Light Co.* v. *Richenback,* 196 Ark. 620, 119 S. W. 2d 515; *Moore and Chicago Mill & Lumber Co.* v. *Phillips,* post, p. 131, 120 S. W. 2d 722.

The term, independent contractor, is correctly defined as one who, exercising an independent employment, contracts to do work according to his own methods and without being subject to the control of the employer, except as to the results of the work. In all of the foregoing cases, it is held that it is the right to control and not the actual control that determines whether one is a servant or an independent contractor.

Under the uncontradicted evidence shown by the record before us, we must hold that J. D. Miller was an independent contractor and that appellant, as his employer, would have been in no wise liable for the injuries to appellees, had Miller been driving the car that collided with the car occupied by them at the time of the injury.

Even if Miller had been an employee so as to render the appellant liable for his negligent acts, it, by no means, follows that appellant would be liable for the negligent acts of the wife of Miller. In the case of *Pullen* v. *Faulkner,* 196 Ark. 231, 117 S. W. 2d 28, this court said: "The instant suit is to be distinguished from the class of cases where a servant, without authority of the master, requests the assistance of a third party, and through the negligent act of such third party an injury occurs. It has been held that when the work so delegated by the unauthorized act of the servant is done within the actual or constructive presence of the servant, the negligent act is the act of such servant, and the master will be liable."

There is nothing in the record to show that appellant authorized Miller's wife to do the work she was attempting to do at the time of the alleged accident. And even

though it were conceded that Miller was an employee of the appellant, his wife was not driving the car in his presence at the time of the alleged accident. Therefore, there is nothing in the record to show that appellant would be liable for the negligent act of the wife.

It is evident from what we have said that the judgment of the court must be reversed, and since the case has been fully developed, same will be dismissed. It is so ordered.