FAIRBANKS-MORSE & COMPANY *v.* HOGAN.

4-6204                                       148 S. W. 2d 162

Opinion delivered March 3, 1941.

*Carl F. Jaggers,* for appellant.
*Donham, Fulk & Mehaffy,* for appellee.

GRIFFIN SMITH, C. J.  Ben M. Hogan's written proposal of January 4, 1937, to supply all materials and perform all labor necessary in providing a waterworks

system for $32,417.25 was accepted by the incorporated town of Mammoth Spring, the work to be done according to drawings and specifications referred to in the contract.[1]

A part of the plant was to be a well 300 feet in depth, with certain appurtenances. Dennis D. Doty[2] agreed with Hogan to drill the well and supply certain items for $4,332. Fairbanks-Morse & Company[3] (October 5, 1938) sued Hogan for $1,265.54, alleging Doty was Hogan's subcontractor, and that it had supplied Doty with certain materials, and with money for use in completion of Hogan's contract.[4] Construction of the waterworks plant was a P.W.A. project. The engineer's final approval of work done and materials supplied by Doty showed he was entitled to $3,842.

February 21, 1938, Doty admitted that his indebtedness to Fairbanks-Morse & Company was $3,491.01 and executed an assignment in which it was stated that he was entitled to receive approximately $2,250 from Hogan on the Mammoth Spring job,[5] and that payment should be made to the assignee.

Doty testified he was paid $2,131.04 about March 18, 1937, and that a balance of $2,419 was due.[6] He further testified that about three weeks after the Mammoth Spring job was completed he did some work for J. A.

[1] J. A. Gregory, then a resident of Newport, Ark., but now residing in Memphis, Tenn., was a partner of Ben M. Hogan in the contracting and construction business. Suit against Gregory was consolidated with the suit against Hogan.

[2] Doty contracted in the name of Well Works Manufacturing Company, of Garden City, Kansas.

[3] Fairbanks-Morse & Company, a corporation, has its headquarters in Chicago, but has a place of business in St. Louis, and maintains a branch office at Stuttgart, Ark.

[4] The charges include $450 advanced for payrolls. [Doty testified he was to receive $4,550 for his work and materials.]

[5] The assignment was in the form of a "Memorandum of Agreement" in which Hogan was referred to as the contractor, by whom the assignment was to have been accepted. Leo Galvin, who testified that he was "manager for Fairbanks-Morse & Company out of St. Louis," explained that inclusion of Hogan's name in the assignment "was an error in writing it up."

[6] The total of these two items is $4,556.04, or $714.04 more than the estimate of $3,842 mentioned by appellee as the amount approved by the P.W.A. engineer, and shown to be due Doty on the entire contract.

Gregory at Newark for which he was to receive $3,000. An advance of $2,100 was made. The item of $2,100 was not repaid because Gregory did not settle in full under the $3,000 contract. His testimony was that "it was understood" the $2,100 was a "loan" to be repaid from money arising from the $3,000 obligation; therefore, the balance due was $900.

On appeal appellant waived all claims except $758.79.[7]

J. A. Gregory testified that the check for $2,100 was issued June 21, 1937, to apply on the Mammoth Spring contract. This represented an overpayment of $359.04. However, Doty had a balance coming to him on the Newark job, and witness was not concerned over the difference. The letter confirming agreement on the Newark job was signed "Ben M. Hogan, by J. A. Gregory." [8]

Gregory testified that he met Galvin two or three days before the $2,100 payment was made to Doty. Gregory says he told Galvin that Doty was asking for payment before it was due under the terms of the contract:— "Galvin made the statement that if I could see my way clear to help Doty, he wished I would; that Doty was a good man." Continuing his testimony, Gregory stated that he went away and that Doty telephoned again, asking for an advance.

Galvin's testimony was to the effect that as representative of Fairbanks-Morse & Company he attended contract "lettings," and on numerous occasions had asked the successful bidder to employ Doty because Doty bought equipment from Fairbanks-Morse.

There is other testimony relating to conversations between Gregory and Galvin.

In *Kochtitsky* v. *Magnolia Petroleum Co.*, 161 Ark. 275, 257 S. W. 48, it was held that the principal contractor is liable for labor and materials supplied to a sub-

---

[7] Twenty feet, 4 inches of 10-inch standard pipe, $42.21; freight charges on shipping motor and starter from Stuttgart to Mammoth Spring, $4.48; cost of motor, starter, and accessories, $712.10.

[8] In view of the fact that this court thinks the judgment should be affirmed, the exact amount involved becomes immaterial.

contractor within the general scope of the principal contract.

The trial court in the instant case found that appellant was estopped by the action of Galvin, who suggested that payment be made to Doty. It is argued by appellant, however, that estoppel was not pleaded. The answer alleged that the work done by Doty and materials supplied constituted a joint enterprise between Fairbanks-Morse & Company and Doty, and that appellant had made Doty its agent to receive payments. When appellee introduced evidence which tended to create an estoppel there was no objection, and it cannot be complained of now.[9] Where the plaintiff acquiesced in the method of examining witnesses and did not contend trend of the testimony thus adduced was outside the scope of the pleadings, the answer will be treated as having been amended to conform.[10]

We think there is substantial evidence to sustain the contention that Galvin asked Gregory to advance $2,100 to Doty, and that Galvin relied upon Doty for payment. We are also of the opinion that Gregory's contention that the payment related to the Mammoth Spring job, and not to the Newark undertaking, is amply supported.

Affirmed.

---

[9] *Wilkerson* v. *White*, 182 Ark. 1014, 33 S. W. 2d 365.

[10] *Barnes* v. *Hope Basket Co.*, 186 Ark. 942, 56 S. W. 2d 1014; *R. C. A. Victor Co.* v. *Daugherty*, 191 Ark. 401, 86 S. W. 2d 559.