HUTCHESON v. CLAPP.

4-9068                                   226 S. W. 2d 546

Opinion delivered January 30, 1950.

518

*Gean & Gean,* for appellant.

*Harper, Harper & Young,* for appellee.

MINOR W. MILLWEE, Justice. Appellants, W. L. Hutcheson, W. L. Hutcheson, Jr., and Hutcheson Wholesale Shoe Company, Inc., were plaintiffs in the circuit court in an action against appellee, Kenneth G. Clapp, doing business as Packard Fort Smith Company, and J. H. Bryan. Plaintiffs alleged that in March, 1949, J. H. Bryan, while acting within the scope of his employment as the agent and servant of appellee Clapp, negligently drove an automobile into and damaged three automobiles, one of which belonged to each of the plaintiffs, while said cars were parked on a residential street in the City of Fort Smith.

Clapp and Bryan filed separate answers containing a general denial of the allegations of the complaint. A jury trial resulted in a verdict for the plaintiffs against the defendant, J. H. Bryan, in the total sum of $850, and against plaintiffs and in favor of appellee, Kenneth

G. Clapp. J. H. Bryan has not appealed. Plaintiffs have appealed from the judgment rendered on the jury's verdict in favor of appellee.

Insofar as the liability of J. H. Bryan is concerned, the evidence is substantial and sufficient to sustain a finding that the damages to appellants' automobiles resulted from the negligent operation of an automobile by Bryan while under the influence of intoxicating liquor.

At the time of the collision Bryan had been employed for about three months as a car salesman by appellee Clapp. Appellee offered evidence to establish two defenses: (1) that Bryan was an independent contractor for whose negligence Clapp would not be liable, and (2) that even if Bryan was a servant of Clapp and not an independent contractor, he was not acting within the scope of his employment at the time of the collision.

Appellants' first contention for reversal is that the trial court erred in submitting to the jury the question whether Bryan was an independent contractor because appellee did not plead the independent contractor relationship as a defense in his answer. It has been held that the defense of independent contractor is not an affirmative defense and need not be specially pleaded but may be raised under a general denial. *Texas Pipe Line Co. of Oklahoma* v. *Willis*, 172 Okla. 148, 45 Pac. 2d 138; 57 C. J. S., Master and Servant, § 614. Moreover, this court has held that where the case has been tried upon a certain issue not tendered by an answer and evidence was introduced concerning it without objection, the answer will be treated as having been amended to conform to the proof and plaintiff may not challenge the sufficiency of the answer on appeal. *Athletic Tea Co.* v. *McCormack*, 159 Ark. 405, 252 S. W. 7; *Fairbanks-Morse & Co.* v. *Hogan*, 201 Ark. 1114, 148 S. W. 2d 162. There was much testimony introduced without objection at the trial relating to the question whether Bryan was an independent contractor or a servant of appellee and the answer will be treated as having been amended to conform to the proof on this issue.

The court gave appellee's requested instruction No. 7 over the general objection of appellants. The instruction reads: "If you find from the evidence that at the time of the collision the defendant, J. H. Bryan was an independent contractor, then you are instructed that the defendant, Kenneth G. Clapp, cannot be liable for the alleged acts of negligence, if any, of the said J. H. Bryan. An independent contractor is one who is employed to perform a specific task without any control or supervision from the employer except as to the result of the work accomplished, and in this case if you find that the said J. H. Bryan, even though you find he was employed by the said Kenneth G. Clapp as an automobile salesman, chose his own method of performing his work, furnished his own means of working, and was not responsible to the said Kenneth G. Clapp except as to the results produced, and that he paid all of his expenses of his employment and chose his own means, time and place of working, then in that event he would be an independent contractor, and if you find that he was such an independent contractor at the time alleged, your verdict must be for the defendant, Kenneth G. Clapp."

Appellants argue that the undisputed testimony shows that J. H. Bryan was an employee of appellee as a matter of law and that it was, therefore, error to submit the issue of independent contractor to the jury. There was evidence that Bryan worked for appellee as a car salesman under an oral agreement and on a commission basis. The automobile he was driving at the time of the collision was sold to him by Clapp on the "demonstrator plan". Under this arrangement Bryan was required to purchase a new Packard automobile every six months. The car was sold to Bryan at cost and the purchase was financed through a credit corporation to whom Clapp indorsed Bryan's note. Bryan paid his own personal expenses including all operating expense of the automobile. There was also evidence that Bryan was privileged to work when and where he pleased within the nine counties constituting his territory and that appellee had no right to direct the manner in which Bryan kept and controlled the car.

However, there was other testimony, which was disputed, to the effect that Bryan was required to attend daily sales meetings and on certain days to take turns with other salesmen in working on the floor all day and that on such days another salesman could use Bryan's automobile. There was also evidence that Bryan could be discharged by appellee at will and that the car operated by Bryan had the dealer's license of appellee on it.

This evidence, together with other testimony which will not be detailed here, resulted in a disputed question of fact as to whether Bryan was an independent contractor or the servant of appellee at the time of the collision. We have repeatedly held that if the contract is oral, and if more than one inference can fairly be drawn from the evidence, the question should go to the jury to determine whether the relationship is that of employer and independent contractor or that of master and servant. *Wright* v. *McDaniel,* 203 Ark. 992, 159 S. W. 2d 737; *Ozan Lumber Co.* v. *Tidwell,* 210 Ark. 942, 198 S. W. 2d 182. We conclude that the trial court properly submitted the issue to the jury. There is substantial evidence to support the verdict when the conflicting testimony is viewed in the light most favorable to appellee, and this court cannot set the verdict aside even though it may be against what we might conceive to be the preponderance of the evidence.

It is next insisted that the above-mentioned instruction does not correctly define an independent contractor. Appellee cites *Wilson* v. *Davison,* 197 Ark. 99, 122 S. W. 2d 539, and numerous other cases where we have set out and approved the following definition: "An independent contractor is one who, *exercising an independent employment,* contracts to do a certain piece of work according to his own methods, and without being subject to the control of the employer, except as to the result of the work." It is noted that the instruction given conforms to this definition except for omission of the phrase in italics. This omission did not, in our opinion, render the instruction inherently erroneous and, in the absence of a specific objection, we hold that the trial court did not err in giving the instruction as requested.

Appellants also contend that the court erred in refusing to give their requested instruction No. 9 which reads: "You are instructed that § 6620 of Pope's Digest of the laws of the State of Arkansas provides: 'Any person who shall misuse a dealer's license tag herein provided for by using the car to which it is affixed for any other purpose than demonstrating it for sale shall be denied the privilege of using a dealer's license tag on cars he may have for demonstration purposes, for a period of one year after such misconduct.'

"So, therefore, if you find from the preponderance of the evidence that defendant Clapp permitted defendant Bryan to use defendant Clapp's dealer's license tag at the time and place mentioned in the complaint, then you may take this fact, with all the other facts in the case, into consideration in determining whether or not defendant Bryant was at said time in the furtherance of defendant Clapp's business."

Section 6620 of Pope's Digest, *supra,* was enacted as Sec. 26 of Act 65 of 1929. By Act 386 of 1939 the legislature covered the field of registration of motor vehicles. Section 12 of said act, which now appears in Ark. Stats. 1947, § 75-112, relates to the issuance of dealer's licenses and superseded §§ 25 and 26 of said Act 65 of 1929. (See Compiler's notes to § 75-112, *supra.*) The provisions of § 75-112 are materially different from the superseded statute (§ 6620 of Pope's Digest, *supra*). It thus appears that the requested instruction is based upon a statute which has been superseded by a later act containing materially different provisions. For this reason, the trial court did not err in refusing the requested instruction. Appellants cannot complain of the action of the court in refusing an instruction which was in part incorrect. *Randleman* v. *Taylor,* 94 Ark. 511, 127 S. W. 723, 140 Am. St. Rep. 141.

Appellants also contend that reversible error was committed in the giving of appellee's requested instructions Nos. 3, 4, 5 and 6 over the specific objection that said instructions were repetitious and unduly emphasized the defense that appellee would not be responsible for

the negligence of Bryan unless the latter was engaged in the furtherance of appellee's business at the time of the collision. While the instructions complained of were applicable to separate phases of the evidence, there was unnecessary repetition of the particular defense which we have held to be improper. The question here is whether there was such undue emphasis of the repeated matter as to mislead the jury and call for a reversal of the judgment. Although the court's charge to the jury was not unduly lengthy in the instant case, the situation here is otherwise similar to that, in *Furlow* v. *United Oil Mills*, 104 Ark. 489, 149 S. W. 69, 45 L. R. A., N. S. 372, where the court said: "The court gave a very lengthy charge to the jury, in which are numerous separate instructions relative to the various issues involved in the case. Some of these instructions are repeated, and while this repetition might seemingly lay undue stress upon the matters therein embraced, and for that reason was bad practice and improper, yet in this case we can not say that prejudice has resulted sufficient to call for a reversal on that ground." See, also, *Goodin, Adm'x* v. *Boyd-Sicard Coal Co.*, 197 Ark. 175, 122 S. W. 2d 548. So here, we cannot say that the repetition is of such flagrant character as to warrant a reversal of the judgment.

It is also insisted that the court erred in sustaining appellee's objection to the following question asked J. H. Bryan while testifying on behalf of appellants: "Q. In whose business were you engaged at the time you struck those automobiles?" The court sustained appellee's objection to the question as calling for a conclusion of the witness. There was no offer to show what the answer of the witness would have been. The direct testimony of an agent on the witness stand, as distinguished from proof of his extrajudicial statements, is of course admissible to prove his authority and the extent thereof where his powers and duties have not been reduced to § 691(c), as follows: "In receiving the testimony of the alleged agent to prove or disprove the fact of agency, the alleged agent to prove or disprove the fact of agency, the general rule that a witness must testify to facts and

not to conclusions is applicable, and hence it is not competent for the agent to give his opinion or state his conclusion as to the fact of agency; but he may state the facts and circumstances concerning the various transactions between himself and the alleged principal, leaving the court and the jury to determine, under the facts disclosed, whether or not he was such agent."

The witness Bryan was permitted to testify without objection that he was returning to his home from a trip made for the purpose of selling an automobile at the time of the collision. He also stated other facts from which the jury could have found he was engaged in the furtherance of appellee's business at the time. The following is typical of such testimony: "Q. And what business—in what business were you engaged at that time? At the time you were going home and the time you had this accident? A. I was going home from a demonstration. Q. From Lieutenant Culp? A. To him, yes sir." An answer to the question objected to merely called for a conclusion or opinion of the witness upon one of the issues the jury was called upon to decide. The objection was properly sustained.

Appellants also complain of the court's failure to instruct the jury that the burden was upon appellee to prove that Bryan was an independent contractor. There was no request for such instruction. The failure of the trial court to submit an issue to the jury is not error where no request has been made for such instruction. *State Life Ins. Co.* v. *Ford,* 101 Ark. 513, 142 S. W. 863.

We find no prejudicial error, and the judgment is affirmed.

McFADDIN, J., dissents.