DYE *v.* EBERSOLE.

4-9301                                    234 S. W. 2d 376

Opinion delivered December 4, 1950.

*Claude Duty,* for appellant.

*Eli Leflar,* for appellee.

GEORGE ROSE SMITH, J. This was originally a suit by the appellees, Leighton and Anne Ebersole, to reform a deed executed to them by F. D. Schneider and his wife. As written the deed conveyed a forty-acre tract, two twenties, and a triangular tract described as beginning at the northeast corner of a certain forty, thence south fifty rods, more or less, to a limestone corner rock; thence west thirty rods, more or less, to a limestone corner rock; thence northeasterly to the point of beginning; containing eight acres, more or less. This description of the triangular tract actually embraces an area of only 4.68 acres, instead of eight acres. The complaint alleged a mistake in the preparation of the deed and asked that it be reformed to describe a larger triangle that is bounded on the south and west by existing fence rows and that does comprise about eight acres.

The Schneiders filed an answer conceding the plaintiffs' right to reformation, but the suit was contested by the appellants, Ray and Milt Dye. The Dye brothers own the farm just west of the Ebersole farm and claim title up to the smaller triangle as originally described in the appellees' deed. Thus the suit became a boundary dispute between the Ebersoles and the Dyes. The chancellor upheld the Ebersoles' ownership of the larger triangle, granted the prayer for reformation, and quieted the Ebersoles' title as against the Dyes.

We think the evidence clearly and convincingly supports the chancellor's decree. The recorded chains of

title, as well as the history of actual possession, confirm the view that for at least thirty years the larger triangle has been part of the farm now owned by the Ebersoles. As far back as 1917 this tract was described in the Ebersole chain of title as beginning at the northeast corner of the forty, thence south to a limestone corner rock, thence west to a limestone corner rock, thence northeasterly to the point of beginning, containing eight acres, more or less. This same description, embracing eight acres, is found in all succeeding conveyances until 1945. In that year a partition decree was entered which for the first time used the description that includes only 4.68 acres. Likewise the Dyes' land, which comprises the rest of the forty, has been described at least since 1928 as containing only thirty-two acres. In the Dye chain of title the smaller triangle also appears for the first time in the 1945 decree. Although the Dyes' grantor testified that he intended to convey the exact land described in his deed, he also testified that this piece of ground has always been known as "The Thirty-Two."

On the question of possession the testimony is equally convincing. No witness testified that any of the Dyes' predecessors in title had ever been in possession of any part of the larger triangle. Fence rows mark the two sides of the triangle that jut out from the rest of the Ebersole land, and there is evidence that the appellees' predecessors had actual possession up to the fence rows. Many years ago fences enclosed the projecting triangle, but they have fallen into disrepair, leaving the fence rows as the visible boundaries. It is plain that a mistake occurred in the 1945 decree, and there has been no subsequent adverse possession by the Dyes or their predecessors that could have ripened into title.

The appellants rely heavily on Leighton Ebersole's conduct while a survey was being made by M. Hays, the county surveyor. Ebersole bought his farm in September, 1948, and the Dye brothers acquired theirs about a month later. The Dyes suggested that a boundary fence be erected, but the parties were unable to find the lime-

stone corner rocks. In this situation they jointly employed Hays to survey the line. Hays merely took the description used in both deeds and ran the line of the smaller triangle. Ebersole was present when this survey was made, but he did not then assert that the survey was erroneous. Ebersole explains his silence by saying that he had just moved to Arkansas and was a stranger in the community. He had employed a lawyer to examine his title, and he thought he should consult this lawyer before asserting title up to the fence rows. On the day after the survey he did visit his lawyer and was advised to have a survey made according to the fence rows. When the Dyes began building a fence along the boundary fixed by Hays, Ebersole objected and informed them that they were trespassing. Thereafter Ebersole brought this suit. This course of conduct does not establish either an agreed boundary line or an estoppel against Ebersole's claim of title. *Randleman* v. *Taylor,* 94 Ark. 511, 127 S. W. 723, 140 Am. St. Rep. 141.

Affirmed.

LEFLAR, J., not participating.