607 F.2d 805
 Mrs. Amy DOBSON, Individually, and as Administratrix of the
Estate of Floyd Dobson, Jr. and as next friend of
Monte Dobson, a minor, and Lloyd Dobson
and Jerry Dobson, Appellants,
v.
BACON TRANSPORT COMPANY and Donald L. Kreger, Appellees.
 No. 79-1166.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 13, 1979.
Decided Oct. 23, 1979.
 
 Nicholas H. Patton, Young, Patton & Folsom, Texarkana, Ark., and Michael W. Perrin, Fisher, Roch & Gallagher, Houston, Tex., filed brief for appellants.
 Victor Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., filed brief for appellees.
 Before BRIGHT and HENLEY, Circuit Judges, and REGAN, Senior District Judge.*
 HENLEY, Circuit Judge.
 
 
 1
 In this wrongful death action, the wife (administratrix), minor son, and adult sons of the deceased brought suit to recover damages allegedly sustained as a result of the death of Floyd Dobson in a traffic accident. The accident occurred as the deceased, traveling in the eastbound lane of U. S. Highway 70, began to slow down and move off the road. Before the deceased had completely left the highway, a tractor-trailer driven by Donald L. Kreger, an employee of Bacon Transport Company, tried to pass the Dobson vehicle in an authorized passing zone. But as Kreger maneuvered into the westbound lane, deceased initiated a left hand turn towards a gravel road to the north. This maneuver placed the Dobson vehicle directly in the path of Kreger's tractor-trailer and the collision resulted in the death of Floyd Dobson and his passenger.
 
 
 2
 In the legal action that followed, the appellants brought suit against the driver, Donald L. Kreger, as well as his employer, Bacon Transport Company, for mental anguish sustained as a result of defendants' negligence. The district court, however, directed a verdict against the adult sons of the deceased, and entered judgment, based on jury findings, against the remaining plaintiffs. On appeal plaintiffs contend that the district court erred in granting the directed verdict and in giving allegedly repetitious and prejudicial jury instructions.
 
 
 3
 In determining whether a trial court erred in issuing a directed verdict, we note at the outset that both this court and the Arkansas courts review the record under the well established principle that the evidence must be considered in the light most favorable to the nonmoving party and he must be given the benefit of all legitimate inferences. Compare Parker v. Seaboard Coastline R.R., 573 F.2d 1004, 1007 (8th Cir. 1978); Lisa-Jet, Inc. v. Duncan Aviation, Inc., 569 F.2d 1044, 1046 (8th Cir. 1978); Barclay v. Burlington Northern, Inc., 536 F.2d 263, 267 (8th Cir. 1976); With Love v. H. F. Constr. Co., 261 Ark. 831, 552 S.W.2d 15, 17 (1977); Page v. Boyd-Bilt, Inc., 246 Ark. 352, 438 S.W.2d 307, 309 (1969). A directed verdict should be upheld if the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion. Parker, supra, 573 F.2d at 1007.[1]
 
 
 4
 Applying these principles to the present case, we are satisfied that the district court did not err in directing a verdict against the adult sons of the deceased. It seems to be conceded that under Arkansas law, plaintiffs may only recover for mental anguish in this wrongful death action if they show that they have suffered "more than normal grief." Vickers v. Gifford-Hill & Co.,534 F.2d 1311 (8th Cir. 1976); Missouri Pac. R.R. v. Ward, 252 Ark. 74, 477 S.W.2d 835 (1972).[2]
 
 
 5
 Appellants contend that evidence of the close and continuous relationship between the deceased and the adult sons as well as the sorrow exhibited by the adult sons two years after their father's death was sufficient to warrant jury consideration of whether they suffered "more than normal grief." Because the adult sons were financially independent, the decedent had no legal obligation to support the adult sons, and the sons had not truly demonstrated that they suffered greater than normal grief due to the loss of their father, the district court directed a verdict in favor of defendants. We have carefully reviewed the record and find no evidence to support the appellants' claim that the adult sons made out a prima facie case of compensable mental anguish or that the district court improperly directed a verdict.
 
 
 6
 We are also unpersuaded by appellants' contention that even if the adult sons did not establish "more than normal grief," the trial judge should not have directed a verdict against the adult sons prior to the submission of the claims of the remaining plaintiffs to the jury. Appellants argue that this action prejudiced the jury by creating an inference that the remaining claims had no merit.
 
 
 7
 We note that the trial judge has traditionally been accorded broad discretion in the conduct of his trial and that an appellate court will not retroactively substitute its discretion for that of the trial judge unless there has been a showing of abuse of discretion. Aetna State Bank v. Altheimer, 430 F.2d 750 (7th Cir. 1970); Skogen v. Dow Chem. Co., 375 F.2d 692 (8th Cir. 1967). We will not speculate that granting a directed verdict adversely affected the claims of the other plaintiffs any more than postponing a direction of a verdict would adversely affect the claims of the defendants by creating the inference that the plaintiffs' claims have merit. We thus hold that the trial judge did not abuse his discretion.
 
 
 8
 Finally, we address the contention that the trial judge erred in issuing certain repetitious jury instructions. Appellants note that during the course of its jury instructions, the trial court repeated the language from the Arkansas statute pertaining to the proper distance and method for making a proper turn signal. Ark.Stat.Ann. § 75-618(b). The repetitious instructions read as follows:
 
 
 9
 Fifth: No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a signal of intention to turn continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
 
 
 10
 Eighth: A signal of intention to turn left or right shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before the turn.
 
 
 11
 Although we agree that repetitious instructions which place undue emphasis on a particular matter so as to mislead or prejudice the jury require reversal, Flentie v. American Community Stores Corp., 389 F.2d 80, 83 (8th Cir. 1968); Halladay v. Verschoor, 381 F.2d 100, 113 (8th Cir. 1967); Hutcheson v. Clapp, 216 Ark. 517, 226 S.W.2d 546 (1950), we are not convinced that these instructions were prejudicial. Since the question of whether the deceased provided a proper turn signal was important in deciding the issue of defendants' negligence, repetition of the traffic rule in many contexts would not seem to be improper. But conceding for present purposes that it would have been better had the judge not repeated the portion of his "rules-of-the-road" charge, we still must view the repetitious jury instructions in the context of the entire jury charge. Flentie, supra, 389 F.2d at 84; Dun & Bradstreet, Inc. v. Nicklaus, 340 F.2d 882, 884 (8th Cir. 1965). So viewed in context, the partial repetition of a few lines of a jury charge which in total ran in excess of thirty pages of transcript does not seem misleading nor does the record reflect undue emphasis.
 
 
 12
 In sum, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 This court has often noted the similarity between its own test and the Arkansas test for determining the validity of a directed verdict. Parker, supra, 573 F.2d at 1007; Dulin v. Circle F Indus., Inc., 558 F.2d 456, 465 (8th Cir. 1977); Marshall v. Humble Oil & Refining Co., 459 F.2d 355, 358-59 (8th Cir. 1972)
 
 
 [2]
 We also note that under Arkansas statute, Ark.Stat.Ann. § 27-909, recovery is permitted for "surviving spouse, children, father and mother, brother, sister or persons standing In loco parentis to the deceased and persons to whom the deceased stood In loco parentis at the time of the injury which caused the death of the deceased."